### TEXAS & P. RY. CO. v. WHITE.†
### (No. 8188.)

(Court of Civil Appeals of Texas. Ft. Worth. May 8, 1915. Rehearing Denied June 19, 1915.)

1. COMMERCE &#9754;27—EMPLOYERS' LIABILITY ACT—"ENGAGED IN INTERSTATE COMMERCE.

A section foreman of defendant railroad, which was engaged in interstate commerce, who with a crew of five section men went out to repair a broken joint in a rail, and who, while returning, assisted his crew to lift their car from the track to clear it for a freight train, made up of cars destined both to intrastate and interstate points, was "engaged in interstate commerce" within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]), giving a right of recovery against the carrier for the death of an employé while so engaged.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. &#9754;27.

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. COMMERCE &#9754;8—MASTER AND SERVANT &#9754;204—EMPLOYERS' LIABILITY ACT—ASSUMPTION OF RISK—WHAT LAW GOVERNS.

A railroad section foreman engaged in interstate commerce, and who assumed the risk incidental to helping his crew to lift their hand car from the track, could not recover for a resulting injury, since the federal Employers' Liability Act leaves the defense of assumed risk open to the employer, except where the employer's violation of any statute enacted for the safety of the employés contributed to the injury, notwithstanding the defense of assumed risk does not obtain under the state statutes.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. &#9754;8; Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. &#9754;204.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by J. P. White against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

J. M. Wagstaff, of Abilene, for appellant. Mahaffey & Fulwiler, of Abilene, for appellee.

DUNKLIN, J. J. P. White was employed by the Texas & Pacific Railway Company as its section foreman. One of the duties of his employment was to keep in repair the company's track within a certain section of railroad, and upon the occasion of the accident hereinafter related he, together with five section hands working under him, went out from Loraine, the place of his residence, to a place on his section to repair a broken joint in one of the rails of the track. In going out from Loraine the men rode upon a hand car, and after the work of repairing the broken joint was finished they started back to Loraine upon that car. During the return trip they observed a freight train approaching, and, in order to give the same a clear track, they lifted the hand car from the track. White assisted the other men in performing that service, and while so engaged, one of the men working under him staggered and gave down by reason of the weight of the car, thus throwing an extra weight upon White. In an effort to sustain the extra weight thus thrown upon him, White wrenched and injured the muscles and tendons of his back and spine.

This suit was instituted by White against the Texas & Pacific Railway Company to recover damages for those injuries upon allegations of negligence in furnishing a hand car too heavy for use by himself and only five section hands. He further alleged that prior to his injury he had requested of the defendant, through its proper officers, that a lighter car be furnished him, with which request the defendant had failed to comply, and that the defendant was also negligent in failing to furnish a greater number of section hands to perform the duties of his employment by using such a heavy hand car. The case was submitted to a jury upon the two issues of negligence indicated, and a verdict was returned in favor of plaintiff for the sum of $1,000, and from a judgment rendered in accordance with that verdict, the railway company has appealed.

---

&#9754;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The proof showed without controversy that in removing the hand car from the track White was performing one of the duties prescribed by the rules of the company. The proof further showed that the Texas & Pacific Railway Company owns and operates a line of railway running through the states of Louisiana and Texas, and upon the trial it was agreed by the parties to the suit that the train which was approaching the hand car in question on the occasion of White's injury was a freight train made up of 20 cars of interstate freight destined to places outside of the state of Texas and other cars destined to points within the state of Texas and carrying interstate freight. Those facts were pleaded by the railway company as a basis for the defense that White assumed the risk of lifting the hand car from the track at the time of his injury, and therefore could not recover. Whether or not that defense should have been sustained is the only question presented upon this appeal.

The evidence shows without controversy that, if the car was too heavy to be handled by White and the men working under him, White knew of that fact and of the risk incident to handling the same before he undertook the performance of his service by using said hand car; in fact, counsel for appellee admit that, if the doctrine of assumed risk is applicable, then that defense was sustained by proof. Under the statutes of the state of Texas the defense of assumed risk in a suit by an employé of a railway company against such company does not obtain; the statutes making the facts which would otherwise sustain such a defense admissible upon the issue of whether or not the employé was guilty of contributory negligence. But under the federal statute, the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, §§ 8657–8665), the defense of assumed risk is available between such parties.

[1] The controlling question for our determination is: Was White engaged in interstate commerce at the time of his injury? If he was, then he was not entitled to recover; but, if he was not so engaged, then the judgment should be affirmed.

In the suit of Pedersen v. Delaware, Lackawanna & Western Ry. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, Pedersen, an employé of the railway company mentioned, was run down and injured by a passenger train of the company while he was carrying a sack of bolts or rivets for use in repairing a bridge of the railway company, such injury resulting from the negligence of the engineer of the passenger train in failing to give warning of its approach. The bridge so to be repaired was in regular use both for interstate and intrastate commerce. In that case it was held that Pedersen was engaged in interstate commerce at the time of his injury, notwithstanding the bridge was used for both inter-

state and intrastate business, and in deciding that point the court used the following language:

"True, a track or bridge may be used in both interstate and intrastate commerce, but, when it is so used, it is none the less an instrumentality of the former; nor does its double use prevent the employment of those who are engaged in its repair or in keeping it in suitable condition for use from being an employment in interstate commerce."

For other authorities to the same effect see note 47 L. R. A. (N. S.) pp. 52 to 60, inclusive.

Appellee insists that, as the work of repairing the broken rail had already been finished at the time he undertook to lift the car from the track, it cannot be said that he was engaged in interstate commerce, even though it should be held that he was so engaged while repairing the broken rail. But no authority is cited directly in point in support of that contention. The decision of Ill. Cent. Railway Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163, cited by appellee, we do not think modifies the force of the decision in the Pedersen Case, as contended by appellee. Behrens, on account of whose death that suit was prosecuted, was killed while switching cars in the town of New Orleans, but the proof showed without controversy that the cars which he was switching at the time were intrastate cars, and for that reason alone it was held that he was not engaged in interstate commerce, although it was also part of his duties as such switchman to handle interstate commerce cars as well. In the Pedersen Case the court said further:

"The point is made that the plaintiff was not, at the time of his injury, engaged in removing the old girder and inserting the new one, but was merely carrying to the place where that work was to be done some of the materials to be used therein. We think there is no merit in this. It was necessary to the repair of the bridge that the materials be at hand, and the act of taking them there was a part of that work. In other words, it was a minor task which was essentially a part of the larger one, as is the case when an engineer takes his engine from the roundhouse to the track on which are the cars he is to haul in interstate commerce."

In Ann. Cas. 1913C, p. 25, several English cases are noted holding that injuries to employés while returning from their work were accidents arising in the course of their employment.

It appears that at the time of the accident in question in the present suit White and his crew were still in the employment of the defendant company. The return trip to Loraine, his headquarters, was as much an incident to and a part of the work of repairing the broken rail as was the outgoing trip to perform that service. We are of the opinion, further, that the act of removing the hand car from the track out of the way of the coming train, being in the aid of the movement of interstate traffic, was sufficient of itself to bring the accident within

the operation of the federal Employers' Liability Act; in other words, that White, in removing the hand car for the purpose of giving a clear track to the train loaded in part with interstate freight, was engaged in interstate commerce within the meaning of the act.

[2] For the reasons indicated, we conclude that White's injury occurred while he was employed in interstate commerce, that he assumed the risk of such injury, and for that reason is not entitled to recover. Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered in favor of the appellant.

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes