## POWELL v. LOUISIANA & ARKANSAS RY. CO.

### No. 4601.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Wayne Stovall and H. W. Ayres, both of Jonesboro, for appellant.

Burford & White, of Shreveport, and White, Holloman & White, of Alexandria, for appellee.

DREW, Judge.

The lower court in a well written opinion rejected the demands of plaintiff in this case, holding that plaintiff was not injured in the alleged accident; that there was no accident as alleged, and therefore no injury by accident, and, if plaintiff had been injured in the accident as alleged, he could not recover for the reason that the alleged accident was one of the ordinary risk of his employment and not an extraordinary risk; and under the defense of assumption of risk under the Federal Employers' Liability Act (45 USCA §§ 51–59), his action was barred.

The opinion of the lower court is as follows:

"The plaintiff brings this suit for damages under the Federal Employers' Liability Act, for injuries he alleged that he sustained on October 5, 1931, while in the employ of the defendant and while he was discharging his duties, working on the railroad track belonging to the defendant. He alleges that while he and two others of the employees of the defendant were placing a motor car on the track preparatory to going to a certain place on the track for work that one of the employees who was holding one end or one side of the motor car stepped on plaintiff's foot and suddenly lowered his side of the car, and by this means the load was thrown on plaintiff and the car slipped and a bolt extending out from the motor car struck the plaintiff along near his groin and produced a hernia. That on account of the injury that plaintiff is permanently disabled from doing further manual labor. The defendant admits employment and admits that the plaintiff was engaged in the interstate business and any cause of action that he might have would as claimed by the plaintiff come under the Federal Employers' Liability Act. The defendant admits the amount of wages the plaintiff was earning and the only points at issue are two, to-wit:

"1. The defendant denies that plaintiff sustained any injury;

"2. That if plaintiff sustained any injury that he could not recover for the reason that he assumed the risk in his employment and that neither the company, the officers or employees of said company were negligent in the discharge of their duties and that the motor car, the means by which plaintiff claims to have been injured was not defective.

"According to the version given by plaintiff that he and a nigger boy, by the name of Davis, were lifting one end of a motor car, while another nigger employee, by the name of Booker was bearing down on the opposite end of the motor car, endeavoring to place the motor car on the track for use, Davis stepped upon Powell's foot and in order to remove his foot from Powell's, he lowered his side of the car, and this caused a sudden

strain on the part of plaintiff as the car slipped and the car having a bolt extending from one end the bolt struck him near the groin and produced a rupture and as a result he went to the sanitarium and stayed for several days but before going to the sanitarium he was sent to a doctor at Winnfield. The only other witness, whom the plaintiff offered, who saw the moving of the car or was a witness to the moving of the motor car, was M. G. Bagwell. His testimony as given substantiates that of the plaintiff, but his statement is in variance with a written statement he gave the claim agent of the defendant. From the other testimony it seems that the plaintiff usually worked every day and was able to do good work until this alleged accident or injury.

"After the alleged injury, plaintiff visited Dr. Fittz at Winnfield and according to Dr. Fittz the plaintiff had no hernia and he then was admitted to the sanitarium in Shreveport and was examined by Drs. Herold, Smith, Dekle and later by Dr. Stamper. All of these doctors examined the patient thoroughly and they all testified that they saw no sign or trace of a hernia. Dr. Dekle later severed his connection with the sanitarium and established practice at Jonesboro and about September, 1932, he examined the plaintiff at Jonesboro and found that he had a small hernia. According to the testimony of all the doctors-they agreed that the plaintiff was suffering with epidymytis and vasitis at the time he was examined in Shreveport by the various doctors. They agreed that he was suffering with these diseases. In April, 1932, the plaintiff was examined by Dr. Mosley, of Winnfield, and at that time the plaintiff had no hernia, according to Dr. Mosley.

■ "The evidence preponderates that the plaintiff received no hernia from the alleged accident and there is no evidence whatever which would tend to show that plaintiff has any hernia at this time except that by Dekle and according to his testimony he was unable to say that plaintiff had a hernia until in September, 1932. This was nearly one year after the alleged accident and if plaintiff had a hernia at this time there is no evidence to show any connection between it and the alleged accident and for these reasons we are of the opinion that if plaintiff is suffering from a hernia at this time, the alleged injury had nothing to do with it.

"The evidence clearly shows that right after the alleged accident when plaintiff presented himself to the hospital at Shreveport that he was suffering from epidymytis and vasitis. According to the preponderance of the professional evidence, epidymytis could not be caused by a trauma unless it was administered from the reas (rear), but could be caused by focal infection. There is no evidence in the record to show that the epidymytis or vasitis which the plaintiff was suffer-ing with was caused by any trauma. The plaintiff must by sufficient evidence prove his claim to some legal certainty and the plaintiff has failed in this and we have reached the conclusion that plaintiff has not established his claim to that legal certainty which the law requires.

■ "If the plaintiff received an accident as alleged and if same caused the injury as he alleges, we then do not think that he is entitled to recover. If he was injured, it must appear from the evidence that there was some defect in the machinery as charged and/or that his injury was caused through the negligence of some officer or employee of the defendant.

"There is no evidence in the record which shows that the motor car was defective in any way; it is alleged there was a bolt extending from one end of the car but there is no evidence to show but what that was the natural place for the bolt or that there was any defect and the plaintiff's case would therefore fall on this point.

"If his injury was caused by the nigger, Davis, stepping upon plaintiff's foot, then in order for plaintiff to recover, the employee Davis must have been negligent in doing this or careless, as both were lifting at the same end, it would be natural for them to be thrown close together and there is no evidence in the record to show that Davis was careless in any way but it seems to us that this is an assumed risk or rather the plaintiff assumed this risk as he had knowledge that such might happen by two people carrying a load with their feet close together and this is a risk that the plaintiff had knowledge of and therefore he cannot recover for same.

"Assuming that the employee, Davis, was somewhat negligent in moving his feet then from the decisions it is clear that plaintiff assumed such risk. In Kempe v. Illinois Central Railroad Co., 211 Iowa, 812, 232 N. W. 657, 74 A. L. R. 148 (1930), 'was an action to recover damages for personal injuries sustained by plaintiff while in the employ of the defendant railroad company. Suit was brought under the Federal Employers'. Liability Act. There was a directed verdict for the defendant and plaintiff appealed. It appeared that plaintiff was a foreman in the service of the defendant. On the day in question, under orders of a superior, he was directed to go with his men to a certain point on the defendant's line and load a pile of rails on a flat car. Plaintiff charged that in the process of loading the rails one of the section men who was handling a rail with the plaintiff failed to do his share of the lifting, thereby causing his proportionate share of the weight to be unexpectedly shifted upon the plaintiff, causing an injury to plaintiff's back. The court said that, assuming that plaintiff's coemployee was negligent, the law held the plaintiff to have assumed the usual

and ordinary risks incident to his work, including the negligence of a fellow servant, provided plaintiff knew of and appreciated the risk resulting from such negligence; and this was a kind of negligence with which plaintiff had been familiar for years. The judgment for the defendant was accordingly affirmed.' And it is also clear that plaintiff assumed this risk as it was held in the case of Texas & Pacific R. Co. v. White (Tex. Civ. App.) 177 S. W. 1185, 'the plaintiff, a section foreman, was returning with a crew of five section men from repairing the broken joint of a rail, when it became necessary to lift the car from the tracks to make way for an approaching freight train. While so engaged one of the men working under him staggered and gave down by reason of the weight of the car, thus throwing an extra weight upon the plaintiff and injuring the muscles and tendons of his back and spine. The negligence alleged was the furnishing of a handcar by the defendant which was too heavy for use by himself and only five section hands. Under the statute of Texas, the defense assumed risk in a suit against a railroad by an employee does not exist, the facts constituting such a defense being admissible only upon the question of contributory negligence. Under the Federal Employers' Liability Act, the defense of assumed risk was available to the parties. Counsel for the plaintiff admitted that if the doctrine of assumed risk applied as a result of the plaintiff being engaged in interstate commerce at the time of the accident, that the defense was sustained by the proof. From a judgment for the plaintiff, the defendant appealed. The court, in reversing the judgment, held that the plaintiff was engaged in interstate commerce; that the defense of assumed risk was applicable, and that the plaintiff could not recover.'

"For these reasons we think that plaintiff is not entitled to recover and his case is dismissed at his costs."

It is correct. It therefore follows that the judgment of the lower court is affirmed, with costs.