This action was brought by the appellee, in the District Court of Grimes County, March 17, 1890, to recover of the appellant damages for personal injuries received while appellee was in the employment of the appellant as an engine wiper and night watchman in its yard at Navasota, in Grimes County, on or about the 4th or 5th of October, 1889.
This appeal is from a judgment for the recovery of $3825 in behalf of the plaintiff below.
The injuries were received while the plaintiff was attempting to couple an engine and tender to a coal car, in obedience to the direction of one Housh, who was the foreman of defendant's yard at Navasota, and at the time of the injury was operating the engine. A train was expected in from Conroe on the defendant's line about 1 o'clock a. m., and the foreman, who went to sleep, had told plaintiff to wake him up when the train came in, which plaintiff did. Housh then told Corley, another engine wiper and night watchman, who was working with plaintiff, to throw the switch, and told plaintiff to couple the switch engine to the coal car, while he got on the engine and backed it up to the coal car, so that plaintiff might make the coupling. Plaintiff testified: "Housh backed the engine towards the coal car and stopped about five feet from it. I hallooed to him to slow a little more back, and he backed the engine a little further, to about one and a half feet from the coal car, and stopped. I then *Page 576 
hallooed to him to come a little more back, and he pulled the throttle open and came back so hard that he caught my left hand, with which I held the link, and shoved it, with the link, into the drawhead of the engine, and mashed it."
As foreman of the yard, Housh had the authority to employ and discharge the engine wipers, who were under his charge. It was not plaintiff's business to couple cars.
For the purpose of switching in the yard a switch engine is used. It has a sloping tank, so that one can see over the tender, and is safer to switch with than a road engine. The engine used when the accident occurred was an ordinary road engine. Plaintiff knew that switch engines were safer than road engines, and that coupling cars was dangerous work.
Plaintiff's right of recovery is based on two grounds; first, the incompetency or negligence of the foreman Housh; second, the use by the defendant of a common road engine instead of a switch engine; and in the first instance, that it might result either from the negligence of the defendant, treating Housh as the fellow servant of plaintiff, in selecting and employing its servants, or treating Housh as a vice-principal, from the negligence of Housh in pulling open the throttle and backing the engine with too much force.
On the trial of the case, the court, in its charge to the jury, which is the basis of the second assignment of error, seems at first to have given an instruction on the theory that Housh was the fellow servant of the plaintiff; but the jury were afterward instructed that Housh was a vice principal and not the fellow servant of plaintiff. But the second assignment questions the charge for error in requiring too great care of railway companies in the employment of their servants and furnishing tools and appliances for them to work with. It is as follows: "The railway company was bound in law to furnish competent and qualified men to handle its engines and trains at the yard at Navasota, and was also bound in law to furnish means and appliances for switching trains which experienced railway men had found were safest and best adapted for that purpose; and if the company failed or was guilty of negligence in either regard in this paragraph named, and if from and by reason of said negligence injury resulted as a direct and proximate consequence thereof, the railway company is liable."
This charge was error. Its effect was to instruct the jury that the failure "to furnish competent and qualified men to handle its engines and trains at the yard at Navasota," and "to furnish means and appliances for switching trains which experienced railway men had found were safest for that purpose," would be negligence on the part of the company. Such is not the rule, as has been frequently announced in the decisions of our Supreme Court. The company is only required, in the selection of its employes and in furnishing appliances to work with, to use such *Page 577 
care and caution in doing so as an ordinarily prudent man would use under the circumstances, and not absolutely to select competent men or furnish safe appliances. Railway v. Wells,81 Tex. 685; Railway v. Bell, 75 Tex. 50.
That the use of a road engine was more dangerous than a switch engine was a fact equally as well known to plaintiff as to Housh, and the danger in its use was patent to the plaintiff; and such being the case, the plaintiff would not be entitled to recover on the ground that a road engine used for the purposes of switching involved him in greater danger than a switch engine. In the attempt to make the coupling he assumed the risk of danger, because the defect was open to him. He knew that it was a road engine and that a switch engine was safer than a road engine for the purpose of switching cars.
The charge complained of in the sixth and ninth assignments of error was wrong, and the requested instruction, that the plaintiff was not entitled to recover on the ground of using a road engine instead of a switch engine, should have been given. Railway v. Brentford, 79 Tex. 619; Railway v. Somers,71 Tex. 700; Rogers v. Railway, 76 Tex. 502.
The same principle will also apply to knowledge that the coemploye was not competent for the work to be done. Plaintiff knew that Housh was a machinist and not a regular engineer. If this rendered him incompetent, and plaintiff knew it, then he would be charged with knowledge of the danger in attempting to make the coupling with a man in charge of the engine who was not well qualified for the work, and will be held to have assumed the risk. If plaintiff undertook the work with patent and obvious danger, no amount of prudence on his part would relieve him of the risk; and the test is not whether a reasonably prudent man might have undertaken the work, but whether the danger was obvious and apparent, or in fact known to him. Railway v. Bradford, 66 Tex. 737.
The charge of the court complained of under the fourth, fifth, and seventh assignments of error had incorporated in it the idea that if the danger was not so patent and obvious that plaintiff, as a reasonably prudent man, might have undertaken the work, then he would not be charged with the risk, but would be entitled to recover. As we have seen, this was error. Again, although Housh may not have been well qualified for the work, and this fact was not known to the plaintiff, no recovery could be had except for negligence in handling the engine. If he handled it carefully and prudently, as an engineer of ordinary care and prudence would have done under the circumstances, then the plaintiff would not be entitled to recover, even if the jury should believe that he was not well qualified for the work to be done. This would also apply in case he should be treated as a vice principal or representative of the *Page 578 
defendant. Defendant requested instructions limiting its liability to the negligence of Housh, and they should have been given by the court; for, under the charges complained of, the jury may have found for the plaintiff if they believed the danger not so obvious or patent but that a man of ordinary prudence would have undertaken the work, and at the same time have believed that Housh was not guilty of negligence.
Appellant contends that the verdict of the jury is contrary to the law and the evidence, in that it shows that plaintiff, before he undertook to make the coupling in connection with Housh acting as engineer, had full knowledge of the fact that Housh was a machinist and not a regular engineer, having had such knowledge for several days or weeks prior to the night of the accident; and plaintiff, in undertaking to work with Housh as engineer under such circumstances, thereby assumed the risk of injury or accident by inability of Housh to properly handle the engine. As the case must be tried again, and the effect of such knowledge having already been determined, we do not deem it necessary to inquire whether or not the facts as shown on the last trial proved such knowledge. For the same reason, we do not pass on the eighteenth assignment, that the evidence shows that Housh was handling the engine with proper care, and the accident could not have been caused by any negligence of Housh, or on account of the road engine being used.
Appellant's third, eighth, and eleventh assignments of error are:
"3. The court erred in charging the jury as follows: Under the facts in this case Housh was not a fellow servant of Schwabbe, but was Schwabbe's superior, and was the representative of the defendant company; and if Housh directed Schwabbe to make the coupling, and Schwabbe attempted to do so, and while doing so you find that he was injured by the negligence of Housh in handling the car, or was injured by the unfitness and unsuitableness of the engine used, or that he was injured by means of the two forces combined, then the company is liable, unless you find for the company under the instructions hereinafter given.
"8. The court erred in charging the jury as follows: If you find that Housh did not handle the engine with the care and skill and prudence that an ordinarily prudent engineer would have used under like circumstances, and that by reason of such negligence on Housh's part, and without negligence on Schwabbe's part, Schwabbe was injured, the defendant is liable.
"11. The court erred in refusing to give the first special charge requested by the defendant, which is as follows: In so far as the negligence complained of is concerned, Housh and plaintiff were fellow servants, and you will find a verdict for the defendant."
Upon these assignments the appellant bases the following proposition: "The true test to determine who are fellow servants is to be found in the character of the act which causes the injury, and not in the grade, rank, *Page 579 
or department of service of the person performing it. If the negligence causing the injury is the neglect of a duty which the master owes to his employes, the master is liable, whether the party guilty of the negligence is the master himself or a coemploye to whom he has committed the discharge of such duty; and if a coemploye, such coemploye is, as to the performance of such duty, a vice principal and not a fellow servant; but if the negligence causing the injury is not the neglect of a duty the master owes his employes, the master is only liable when he is personally guilty of the negligence, and not when it is the fault of a coemploye of the party injured; for all coemployes, whatever their grade, are fellow servants, except when engaged in the discharge of a duty the master owes his employes. In other words, the same party may be in some matters a vice principal and in others a mere fellow servant, the test being, that in performing the duties which a master owes to the servant he is a vice principal; in the discharge of all other duties he is a fellow servant."
While we do not assent to the rule as stated in proposition of the appellant above quoted, still a majority of this court is of the opinion, that under the facts of this case Housh was the fellow servant of the plaintiff and not the representative of the company. In handling the engine Housh was not in the performance of any duty which the company owed to the plaintiff, but was engaged in doing an act as the fellow servant of the plaintiff, which, taken in connection with the act to be performed by the plaintiff, would result in switching the coal car from one track to another. Suppose a hostler had been on the engine, it would not be contended that the hostler and the engine wiper were not fellow servants. The only reason for the position that Housh was the representative of the company is, that he, as foreman of the yard, had authority to discharge the plaintiff, and the exercise of an act by him which would ordinarily be the act of a fellow servant is to be regarded as the act of the principal. It occurs to us that the difficulty lies in the failure to separate the individual as the person who handled the engine from himself as the foreman of the yard, charged with duties toward the plaintiff as the representative of the company.
If Housh was guilty of any negligence in backing the engine, it was that of a fellow servant, for which the defendant is not responsible.
It is not necessary to consider the remaining errors assigned. For the errors indicated, the judgment of the court below will be reversed and the cause remanded.
Reversed and remanded. *Page 580