## Town of Durant *v.* Attala County.

[57 South. 914.]

1. TAXATION. *Refund of tax. Statutory provisions. Repeal. Reservation.*

.The repeal of a statute without any reservation takes away all remedies given by the repealed statute, and defeats all actions pending under it at the time of its repeal. The rule is especially applicable to the repeal of a statute creating a cause of action, providing a remedy not known to the common law, or conferring jurisdiction where it did not exist before, and is carried to such an extent as to abate proceedings pending upon appeal after verdict in favor of plaintiff.

2. SAME.

Everything falls with the abrogated law not fully executed under it, except where contract rights have vested. Especially is this true in matters of taxation.

APPEAL from the circuit court of Attala county.
HON. G. A. McLEAN, Judge.

Mandamus by the town of Durant against Attala county. Petition dismissed and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Booth & Pepper,* for appellant.

*Luckett & Guyton, H. T. Leonard, S. L. Dodds* and *R. H. Thompson,* for appellee.

Argued orally by *R. H. Thompson.*

MAYES, C. J., delivered the opinion of the court.

By chapter 90, p. 165, of the Laws of 1886, it was provided:

"Section 1. Whenever the turnpikes and bridges over Big Black river and swamp opposite the towns of Pickens, Goodman, Durant and West, in the county of Holmes, be made free turnpikes and bridges to all parties crossing the same, the board of supervisors of said county are hereby authorized and required to set apart all bridge taxes levied and collected on the property of the town opposite the bridge and turnpike thus made free, and the tax collector of said county shall keep a list of the bridge tax collected on the property of the incorporated town opposite the turnpike and bridge thus made free, and turn over the list of said bridge tax to the county treasurer who upon demand made by a written order of the board of aldermen of any of the said towns whose turnpike and bridge has been made free shall pay over all bridge tax collected from said town to the treasurer of said town, which shall be appropriated to the keeping in good repair said bridge and turnpike.

"Section 2. Whenever any of the above bridges and turnpikes are made free as provided for in the first section of this act, the board of supervisors of the county or counties lying immediately east and contiguous to

said bridge and turnpike, or bridge and turnpikes, *are hereby authorized* to direct the treasurer of their county to pay over to the treasurer of the town opposite the pike and bridge thus made free, a sum of money taken from the bridge tax collected from the citizens of said town, which sum shall be appropriated to the keeping in good repair said bridge and turnpike.''

Chapter 185, p. 252, of the Laws of 1888, amended the above act so as to make the second section *require* the board of supervisors ''to direct the treasurer of their county to pay over to the treasurer of the town opposite the pike and bridges thus made free, a sum of money,'' etc. In other words, the amendment to the act of 1888 made it mandatory upon the board of supervisors to require ''the treasurer of their county to pay over to the treasurer of the town a sum of money taken from the bridge tax fund of said county equal to the amount of bridge taxes collected from the citizens of said town,'' etc.

Subsequently, and before any money had been paid to the town under the laws of 1886 and 1888, as authorized, chapter 49, p. 40, Laws of 1892, was enacted, which provided:

''That all acts or parts of acts requiring board of supervisors of any counties to appropriate or pay money to the municipal authorities of any city, town or village in another county for the purpose of building, repairing or keeping up any roads, turnpikes or bridges, be and the same are hereby repealed; provided, that said turnpikes and bridges shall remain free public highways and each county maintain them as such to county line.

''This act shall be in force from and after its passage.''

It will be noticed that the act of 1892 contains no saving clause, but it is a general repeal of all acts or parts of acts requiring boards of supervisors to pay money to municipal authorities of any city, town, or village in

another county for the purpose of building, repairing, or keeping up roads, turnpikes, bridges, etc.

In this condition of the law, and in 1910, the town of Durant, in Holmes county, undertook to collect this money for the first time, and, looking to this end, filed a petition for mandamus against the board of supervisors of Attala county, and eight years after the repealing act of 1892. The petition recites the act of 1886 and 1888, without reference to the act of 1892, and sets out that after the passage of the act the turnpike and bridges over Big Black river opposite the town of Durant, in the county of Holmes, were made free to all parties crossing the same, and after the passage of the act the board of supervisors of the county of Holmes set apart to the town of Durant the bridge tax levied and collected on the property of the town on and after the year 1886, the tax being evidence by the list of bridge tax collected from the property of the town from the year 1886 to 1908. It is alleged in the petition that the tax collector paid the treasurer of the town the sum so collected, which was appropriated to the repair of the turnpike and bridges opposite the town of Durant and located in Holmes and Attala counties. The bridge tax collected and paid to the treasurer aggregated the sum of twelve thousand, eight hundred and ninety-one dollars and thirty cents. The petition then alleges that under the act of 1886, when the bridges and pikes were made free as required by the act, a liability accrued to the town against the county of Attala, and it became the duty of the board of supervisors of Attala county to require the treasurer of that county to pay to the town of Durant a sum of money, taken from the bridge tax fund of the county of Attala, equal to the amount of property tax collected from the citizens of the town of Durant, the money to be apropriated to keeping in repair the bridge and turnpike. The petition then alleges that the board of supervisors of Attala county has re-

fused to perform its duty, as required under the acts of 1886 and 1888, and has not paid to the treasurer of the town the amount which the county of Attala is liable for; that the town of Durant presented to the board of supervisors of Attala county its claim, and requested that same be allowed, but the board of supervisors disallowed the claim and dismissed the petition seeking to have same allowed. The petition concludes with a prayer that the board of supervisors of Attala county be required, by mandamus, to issue their warrant on the treasurer of Attala county for the sum above specified. The board of supervisors of Attala county demurred to this petition for mandamus, and upon a hearing the court dismissed the petition for mandamus, and from this action an appeal is prosecuted.

At the time of the institution of this suit the acts of 1886 and 1888, giving the cause of action to the town against the county were both repealed, so that at the time of the filing of this suit there was no foundation in law for it. The cause of action was conferred by statute, and by statute it was taken away. On page 1228, vol. 36, Cyc., the rule on this subject is stated to be that "the repeal of a statute without any reservation takes away all remedies given by the repealed statute and defeats all actions pending under it at the time of its repeal. The rule is especially applicable to the repeal of a statute creating a cause of action, providing a remedy not known to the common law or conferring jurisdiction where it did not exist before, and is carried to such an extent as to abate proceedings pending upon appeal after verdict in favor of plaintiff."

The rule stated above is followed by this court in the cases of *Bradstreet Co.* v. *Jackson,* 81 Miss. 233, 32 South. 999; *French* v. *State,* 53 Miss. 651; *Musgrove* v. *Railway Co.,* 50 Miss. 677, and *Anding* v. *Levy,* 57 Miss. 58, 34 Am. Rep. 435. In 81 Miss. 233, 32 South. 999, *supra,* Justice Calhoon for the court, after citing many authori-

ties, states "that everything falls with the abrogated law not fully executed under it, except where contract rights have vested. Especially is this true in matters of taxation." No contract rights are involved in this litigation. As long as the law existed it was within the power of the town of Durant to collect what the act specified should be paid by Attala county; but the whole right depended for its existence upon the statute which created the right, and when the law was repealed there was no authority left for any legal demand on the county. If the claim is lost, it is lost through the inaction of the town of Durant in not pursuing the law at the time there was a subsisting statute. In the case of *Musgrove v. Vicksburg & Nashville R. R. Co.*, 50 Miss. 677, it is said that "each legislative body has the same measure of lawmaking power as its predecessor. Each judges for itself as to the measures and policies that will conduce to the public good. Each may undo what its predecessor has done." It is simple justice to state that the act of 1892, repealing the acts of 1886 and 1888, was not re-ferred to by counsel on either side in the court below, or in this court, until long after the case had been finally submitted.                                         *Affirmed.*