MISSOURI, K. & T. RY. CO. OF TEXAS v. MOONEY. (No. 7434.)

(Court of Civil Appeals of Texas. Dallas. Nov. 27, 1915. Rehearing Denied Jan. 8, 1916.)

1. MASTER AND SERVANT ☞294—INJURY TO SERVANT—INSTRUCTIONS—EVIDENCE.
   In an action for injury to a section hand while clearing up a wreck from the alleged negligence of the sections foreman combined with the negligence of fellow servants, where it appeared that plaintiff had lifted an iron rail, that an experienced employé signaled that it be dropped, which signal plaintiff did not understand, and so held onto the rail and was injured, the evidence did not warrant a charge on the foreman's negligence, nor on defendant's duty to use ordinary care in selecting competent servants, and that if failure to use such care was the proximate cause of the injury, defendant was liable.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1157, 1161–1167; Dec. Dig. ☞294.]

2. MASTER AND SERVANT ☞295—INJURY TO SERVANT—INSTRUCTION.
   On evidence that plaintiff was inexperienced in the work of section hands in removing wrecks, that he had asked instruction in the work, that moving crooked rails was more dangerous than moving straight rails, that this was the first work of the kind he had ever done, and that he had not been warned, an instruction, that he did not assume the risk of extrahazardous work unless he was warned and instructed therein by defendant, and after warning continued in the work, was proper.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. ☞295.]

3. MASTER AND SERVANT ☞294—ACTION FOR INJURY — INSTRUCTIONS — NEGLIGENCE OF FOREMAN.
   In such action, where the evidence was that the foreman had not directed the rail to be dropped, but that it was dropped on a signal improperly given by an employé, a charge as to defendant's liability for the foreman's negligence proximately causing the injury was not warranted by the evidence.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1157, 1161–1167; Dec. Dig. ☞294.]

4. COMMERCE ☞8—REGULATION—EMPLOYERS ENGAGED IN INTERSTATE COMMERCE.
   Where a section hand was injured while removing a wreck to repair the track of his employer engaged in interstate commerce, the state fellow-servant statute had no application, but the case was governed by the federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, §§ 8657–8665).
   [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. ☞8.]

5. TRIAL ☞296—INSTRUCTION — ASSUMPTION OF RISK.
   In a section hand's action for injury while removing a wreck, error in the main charge on the question of assumption of risk was not reversible, where a correct charge requested by defendant was given.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ☞296.]

Appeal from District Court, Wood County; Barney Briggs, Judge.

Action by Rube Mooney against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and cause remanded.

C. C. Huff, of Dallas, and Dinsmore, McMahon & Dinsmore, of Greenville, for appellant. M. D. Carlock, of Winnsboro, for appellee.

RAINEY, C. J. Appellee, an employé of appellant, while working as a section hand, was injured and sues to recover damages, alleging in substance that while at work cleaning up a wreck with other employés in moving a crooked rail he was injured by reason of the negligence of the section foreman concurring with the negligence of the other fellow servants in not giving the signals required by the rules prescribed by the appellant for doing such work. He also alleges that he was inexperienced in such work, of which he informed appellant's foreman, and asked to be informed and warned as to the manner in which such work was to be done, and that appellant failed to warn him. That appellant did not use care in employing skilled and competent fellow workmen, in all of which appellant was negligent. Appellant answered, denying knowledge of appellee's inexperience and of any promise to instruct him as to the manner the work was to be done; that the work being done was such as any man of ordinary intelligence would know, see, and understand how to perform with safety; that it was the usual kind and character which section laborers are called upon to perform; denied the want of care in selecting its employés and that any of them were negligent in the performance of the

work; that appellee assumed the dangers and risks, which were not extrahazardous, and that the injury, if any, was contributed to by him. A trial resulted in a verdict and judgment for appellee for $500, and the railway company appeals.

Complaint is made of the ninth and thirteenth paragraphs of the court's charge, which are as follows:

9. "It was the duty of the defendant company to use ordinary care in the selection of its employés; and if you find they failed to use ordinary care in the selection of their employés, and the plaintiff was thereby injured, and such negligence, if any, was the proximate cause of plaintiff's injury, if any, then the plaintiff would be entitled to recover."

13. "If you find from the evidence in this case defendant failed to use ordinary care in the selection of and in the employment of the plaintiff's fellow servants, and if you further find that by reason thereof plaintiff was injured, and that such negligence on the part of the defendant company was the proximate cause of plaintiff's injury, if any, then the plaintiff would be entitled to recover for said injury, unless you further find the plaintiff knew his fellow servants were incompetent."

[1] The grounds of complaint urged are: First, that there was no evidence adduced which authorized the charge with reference to the use of ordinary care in the selection by defendant of its employés; and, second, that appellee's injury did not result from the want of the use of such care in employing incompetent persons.

The evidence tends to show that appellee, while working with other employés, had lifted for removal an iron rail crooked somewhat, resembling the letter S; one of the employés signaled that it be dropped, which signal appellee not understanding he held onto the rail when dropped by the others, and was injured. The foreman was present but gave no signal, and his negligence did not concur in the signal being given, and no negligence in that respect can be charged to him. The evidence was not sufficient to warrant a charge on this issue; nor was it sufficient to warrant a charge that such injury arose from defendant's failure to use ordinary care in selecting competent servants, for it is shown that the fellow servant who gave the order for the rail to be thrown was an experienced hand.

[2] The jury was instructed by the tenth paragraph of the charge that:

"Plaintiff did not assume the risk of extrahazardous work, if any, unless he was warned and instructed in said work by defendant company, and after so being warned continued to work at said hazardous work."

The objection urged by appellant to the foregoing charge is:

"Because the same is upon the weight of the evidence, in this, that it assumes that the work in which the plaintiff was engaged at the time of the alleged accident was extrahazardous, and that it was the duty of the defendant to warn the plaintiff of the dangers, when all the evidence in this case shows, beyond controversy, that the work in which the plaintiff was engaged was the kind and character of work ordinarily done and performed by section laborers; that the work was being done in the usual way; that such work is ordinarily performed; and that, if there was any hazard or danger attendant upon the performance of such work, the same was open and obvious to view, was known to the plaintiff, or could have been known to the plaintiff by the exercise of ordinary care."

The court in this paragraph merely stated a correct principle of law. In the succeeding paragraphs of his charge he applied it to the facts of the case. If appellee was inexperienced in the work and asked that he be instructed in the work, that moving crooked rails was more dangerous than straight rails, that this was the first work of the kind he had ever done, and that he had not been warned, it was a question for the jury to determine under appropriate instructions, and the evidence whether or not he was warned and whether or not under the circumstances the danger was patent and obvious.

[3] The fifteenth paragraph of the court's charge instructs the jury as follows:

"Now if you believe from the evidence that the plaintiff, with other employés of the defendant company, was engaged in removing an iron or steel rail at the time he was injured, if any, and that one or more of defendant's section foremen were present and directing the said work in the way and manner in which it should be done, and that in performing the said labor in the way and manner directed by said section foreman that plaintiff was injured, and that the negligence, if any, of said section foreman was the proximate cause of plaintiff's injury, in the way and manner he directed the said work to be performed or the said rail to be removed, then the plaintiff would be entitled to recover, and you will so find."

The criticism of this charge, in effect, is that there was no evidence showing that the appellant's foreman was guilty of negligence in directing the work in the way and manner it was directed. We conclude the evidence shows that the injury was caused by an employé in improperly giving the signal for throwing the rail, and there was evidence showing that the foreman had not directed this to be so done, and the court erred in giving this instruction.

[4] The work being done by the appellee was repairing the track of appellant, which was engaged in interstate commerce; therefore the fellow servant statute of this state has no application to this case and does not control, but it is governed by the act of Congress of the United States known as the "Employers' Liability Act."

[5] The court's main charge on the question of assumed risk was not exactly correct, but is not reversible error; a correct charge requested by appellant having been given.

For the errors indicated, the judgment is reversed and the cause remanded.