# MAY, 1917

ANGELINE GEER v. ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY.

No. 2490. Decided May 9, 1917.

**1.—Interstate Commerce—Conflict of Laws.**

Congress, by passing the Federal Employers' Liability Act, has occupied the field, to the exclusion of State legislation, as to the liability of railways for injury to employes while engaged in interstate commerce; and such Act denies recovery to the parent of an employe killed in such service where deceased left a surviving widow or children, though it was permitted by the law of the State.   (Pp. 38, 39.)

**2.—Same—Case Stated.**

A switchman living in Texas and employed on a Texas railway at the town of his residence died from injuries received while engaged in placing three bad order cars upon the repair track in the local yards, to be repaired before continuing their transportation to their destination in another State, one of such cars being loaded with lumber to be transported from the point of shipment in Texas to such destination. Held, that the service in which he was engaged was so connected with interstate commerce, as defined by the decisions of the Federal courts, which were authoritative on the question, as to constitute it a part of such commerce; that recovery for his death was governed by the Federal Employers' Liability Act, which denied that right to the mother of deceased, he having left a surviving widow and children.   (Pp. 39-41.)

**3.—Supreme Court—Question of Fact—Interstate Commerce.**

The finding of the Court of Civil Appeals that deceased for whose death recovery was sought was engaged in interstate commerce as an employe of defendant when he received his injuries, being on a question of fact, was binding on the Supreme Court on writ of error.   (P. 41.)

**4.—Employer's Liability—Interstate Commerce—Pleading.**

Where the evidence requires a finding that an employe received his injuries while he was engaged in interstate commerce, it was not necessary that defendant plead that fact in order to avail itself of the Federal Employers' Liability Act as the law governing the right of recovery.   (P. 41.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Grayson County.

Angeline Geer, the mother, with the widow and children of her son,

sued the railway company to recover for his death. All the plaintiffs had judgment. On defendant's appeal, that in favor of the mother was reversed and rendered against her, whereupon she obtained writ of error.

*J. C. Wall* and *Davis & Davis,* for plaintiff in error.—The appellant is a Texas corporation and caused the. death of E. H. Geer while operating a railroad in Texas under a Texas charter. The deceased, his widow, mother and child were all citizens and residents of Texas, and the negligence causing the death, as well as the death, occurred in Grayson County, Texas.

The law of a case is that which arises from the facts alleged. If the defendant desires to invoke any rule of law other than that arising from the allegations in the petition he must allege the facts bringing his case under that rule of law in like manner as any other pleader.

*Andrews, Ball & Streetman, Head, Smith, Hare & Head,* and *Mc-Reynolds & Hay,* for defendant in error.—The petition of the plaintiff in error was granted by this honorable court because the court at that time, upon the authority of Pedersen v. Delaware, L. & W. Ry. Co., 197 Fed., 537, was of the opinion that perhaps the honorable Court of Civil Appeals had erred in holding that the decedent was engaged in interstate commerce at the time he received the injuries which caused his death. The authority referred to, having been expressly overruled and reversed by the Supreme Court of the United States, is, of course, no longer authority on the question. See Pedersen v. Delaware, L. & W. Ry. Co., 229 U. S., 146 (57 Law. Ed., 1125). Also see the following cases, which have been decided since writ of error was granted in this case: St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S., 156 (57 Law. Ed., 1129); Mondou v. New York, N. H. & H. Ry. Co., 223 U. S., 1 (56 Law. Ed., 327).

It has been held that trackmen engaged in the repair of a switch connected with a track used in both inter and intrastate commerce were engaged in interstate commerce. Central R. R. Co. of N. J. v. Colasurda, 192 Fed., 901; Zikos v. Oregon Ry. & Nav. Co., 179 Fed., 893. Also that a boilermaker's helper in repairing an engine was engaged in interstate commerce. Law v. Illinois C. Ry. Co., 208 Fed., 869; Baltimore & O. Ry. Co. v. Darr, 204 Fed., 751; Northern Pac. Ry. Co. v. Maerkl, 198 Fed., 1; Lamphere v. Oregon Ry. & Nav. Co., 196 Fed., 336; Walsh v. New York, N. H. & H. R. R. Co., 223 U. S., 5 (56 Law. Ed., 327). That a brakeman who went to get ice for the use on a train, returned through the yards and was struck by a car being switched in the yards, was engaged in interstate commerce. Illinois C. Ry. Co. v. Nelson, 203 Fed., 956. A yard switchman employed in the movement of inter and intrastate cars was held to be engaged in interstate commerce. Atlantic Coast Line v. Reeves, 208 Fed., 141; Johnson v. Southern Pac. Co., 196 U. S., 1 (49 Law. Ed., 363).

It was not necessary for defendant in error to plead that E. H. Geer

was engaged in interstate commerce. The evidence showing that he was so engaged, a controlling Federal question was necessarily involved. Toledo, St. L. & W. Ry. Co. v. Slavin, 236 U. S., 454; St. L., S. F. & T. Ry. Co. v. Seale, 229 U. S., 156.

MR. JUSTICE YANTIS delivered the opinion of the court.

A switchman named E. H. Geer, while in the employ of the St. Louis, San Francisco & Texas Railway Company, defendant in error, was injured on the night of August 5, 1910, in said railway company's yards in Sherman, Texas, while rendering services in its behalf. He died from the injuries on the following day.

Mrs. Angeline Geer, who was the mother of the deceased, and who is plaintiff in error herein, recovered damages in the District Court of Grayson County, Texas. The questions presented arise upon the issue of whether or not the deceased was engaged in interstate commerce at the time he received the injuries from which he died. The Court of Civil Appeals for the Fifth District, in deciding the case on appeal to it from the District Court, held that the deceased was engaged in interstate commerce at the time of his injuries, and that the Federal Employers' Liability Act of Congress, under the facts presented, controls the determination of the case adversely to the plaintiff in error. 149 S. W., 1178. This court granted a writ of error upon the authority of Pedersen v. Delaware, Lack. & West. Ry. Co., 197 Fed., 537, 117 C. C. A., 33. Since that decision by the Circuit Court of Appeals was published the United States Supreme Court has passed upon the case, and held adversely to the holding of the Circuit Court of Appeals, 229 U. S., 146, 57 L. Ed., 1125, 33 Sup. Ct., 648.

If at the time the deceased received the injuries he was employed for the railway company in interstate commerce, or in doing that which was so intimately connected with interstate commerce as to be practically a part of it, then the said Act of Congress would control the disposition of the case. Upon the contrary, if he was not so engaged in interstate commerce, or in rendering a service connected therewith, and so closely related to interstate commerce as to be considered a part of the same, then the State law would control the question. The Federal Employers' Liability Act does not authorize a recovery in behalf of a parent where the case is controlled by that Act, where the deceased leaves a surviving widow, husband, or children, but only allows a recovery in behalf of the parents when the deceased leaves no surviving widow, husband, or children. The statute of this State provides in such a case for a recovery in behalf of the parents of the deceased, as well as in, behalf of the surviving widow, husband and children, and the next of kin in case there be no surviving widow, husband, children, mother or father. It obviously follows that the plaintiff in error, being the mother of the deceased, would be denied a recovery if the case is controlled by the Federal Employers' Liability Act. It is equally plain that she would be allowed a recovery if the case is controlled by the State law

on the subject. It is necessary for us to determine which law should be applied. It is well settled that the Federal constitutional provision which authorizes Congress to regulate commerce between the States gives controlling effect to an Act of Congress which has occupied the field to the exclusion of State laws, which also undertake to cover the same field. It is plain that Congress has occupied the field in relation to the rights of relatives to recover damages for the death of a railway employe who is engaged at the time of his death in interstate commerce, and the United States Supreme Court has construed the Act and held it to apply to railway employes engaged in doing an act in aid of interstate commerce, and so closely related thereto as to be practically a part of it. Shanks v. Delaware, Lack. & West. Ry. Co., 239 U. S., 556, 60 L. Ed., 436, L. R. A., 1916C, 797, 36 Sup. Ct., 188, and cases there cited. It is our duty to yield obedience to these decisions by the United States Supreme Court, and we have no inclination to do otherwise. The question, therefore, turns upon the issue of fact whether at the time the deceased was injured he was engaged in the service of the defendant in error in interstate commerce, or in work so closely related thereto as to be practically a part of it.

The evidence shows that when the deceased was injured he was working at night in the capacity of a switchman. At the time of his injury the crew with which he was working were engaged in switching three "bad order" cars onto the "repair track" situated in the yards, for the purpose of having the cars repaired. The deceased had been instructed by his foreman, W. L. Pelly, to mount one of the cars that was to be carried onto the "repair track" for the purpose of riding the same into the switch in order that he might set the brakes and stop the cars at proper places on the "repair track." The cars were struck by the engine, but they did not receive sufficient momentum to carry them as far on the "repair track" as desired, and in order to accelerate their speed they were again struck by the engine in order to cause them to reach the desired destination. The second strike of the engine threw deceased from the top of the car down on the track, where he was run over and received the injuries that caused his death the following day. The cars with which the deceased was working at the time of the accident, and which were being carried to the "repair track" to be repaired, were two box cars and an oil tank car. The deceased was riding on the empty box car at the time of the accident, which was destined for Hugo, Oklahoma, and which left Sherman for its destination August 8, 1910. The next car, which was the oil tank car, was destined for Mounds, Oklahoma, and left Sherman for its destination on August 10, 1910. The next car originated at Morrisville, Texas, was loaded with lumber and was destined for Oklahoma City, and left Sherman for its destination August 7, 1910.

The St. Louis, San Francisco & Texas Railway Company is a Texas corporation, owning and operating a line of railroad in Texas which stops at Red River. The deceased was a citizen of Grayson County,

Texas, and his mother, the plaintiff in error, his widow and children also resided there. The switch yard in which he was killed was the local yard of said railway company at Sherman. The three out of repair cars had been detached by the local switch crew from the train and were being carried to the "repair track." The local switch crew had charge of the cars, and the engine being used was the local switch engine. The three cars, when carried to the local yards, remained there for several days until they were repaired, when they continued on their journey to their places of destination in Oklahoma. From this evidence there can be no question that the car which was loaded with lumber, and which originated at Morrisville, and which was on its journey to Oklahoma City, was an interstate shipment, and the carriers who were causing it to be operated, and those of its employes who were assisting in furthering the interstate carriage of the shipment, were engaged in interstate commerce. If there is any question of fact involved in whether the empty box car and the oil tank car which was not proven to be loaded, were being used by the carrier in interstate commerce it would seem immaterial here, in view of the undisputed evidence, that the deceased was carrying to the "repair track" for repair at the time he was injured the box car, which was loaded with lumber, and which was clearly being used by its carrier in interstate commerce. The evidence requires this conclusion. We think that when the deceased, Geer, was carrying this car to the "repair track" for repairs he was engaged in a work so intimately connected with interstate commerce as to be practically a part of it. We think it is clearly so in view of the holding of the United States Supreme Court. In the case of Shanks v. Delaware, Lack. & West. Ry. Co., 239 U. S., 556, 60 L. Ed., 436, L. R. A., 1916C, 797, 36 Sup. Ct., 188, the United States Supreme Court, in construing the Federal Employers' Liability Act, and also in reviewing the holdings of that court in relation to it, made use of·the following language:

"Having in mind the nature and usual course of the business to which the Act relates and the evident purpose of Congress in adopting the Act, we think it speaks of interstate commerce, not in a technical legal sense, but in a practical one better suited to the occasion (see Swift & Co. v. United States, 196 U. S., 375, 398), and that the true test of employment in such commerce in the sense intended is, was the employe at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it.

"Applying this test, we have held that the requisite employment in interstate commerce exists where a car repairer is replacing a drawbar in a car then in use in such commerce. Walsh v. New York, New Haven & Hartford R. R., 223 U. S., 1; where a.fireman is walking ahead of and piloting through several switches a locomotive which is to be attached to an interstate train and to assist in moving the same up a grade, Norfolk & Western Ry. v. Earnest, 229 U. S., 114; where a workman about to repair a bridge regularly used in interstate transportation

is carrying from a tool car to the bridge a sack of bolts needed in his work, Pedersen v. Del., Lack. & West. R. R., 229 U. S., 146; where a clerk is on his way through a railroad yard to meet an inbound interstate freight train and to mark the cars so the switching crew will know what to do with them when breaking up the train, St. Louis, San Francisco & Texas Ry. v. Seale, 229 U. S., 156; where a fireman, having prepared his engine for a trip in interstate commerce, and being about to start on his run, is walking across adjacent tracks on an errand consistent with his duties, North Carolina R. R. v. Zachary, 232 U. S., 248; and where a brakeman on a train carrying several cars of interstate and two of intrastate freight is assisting in securely placing the latter on a side track at an intermediate station to the end that they may not run back on the main track and that the train may proceed on its journey with the interstate freight, New York Central R. R. v. Carr, 238 U. S., 260."

Moreover, upon that point the finding of fact by the Court of Civil Appeals is binding upon this court, there being no evidence of a contrary nature.

It is urged in able argument, both oral and written, by counsel for the plaintiff in error, that the Court of Civil Appeals erred in holding that the case is governed by the Federal Employers' Liability Act for the reason that said Act, and the interstate character of the shipment were not pleaded in the trial court as a defense. It is true that the fact of interstate shipment was not alleged by either party to the suit. It has been held, however, by the United States Supreme Court that it need not be pleaded in order for the railway company to avail itself of the Employers' Liability Act where the evidence requires a finding that the employe was engaged in interstate commerce. St. Louis, San Francisco & Texas Ry. Co. v. Seale, 229 U. S., 156, 57 L. Ed., 1129, 33 Sup. Ct., 651; Toledo, St. Louis & Western Ry. Co. v. Slavin, 236 U. S., 454, 59 L. Ed., 671, 35 Sup. Ct., 306. We recognize the controlling force of this holding by the United States Supreme Court, and in doing so the only course open to us upon the question is to overrule the contention of the plaintiff in error, which we do. The judgment of the Court of Civil Appeals in reversing and rendering the judgment of the District Court should be affirmed, and it is accordingly so ordered.

*Affirmed.*