## PISANO v. TEXAS & N. O. R. CO.
### No. 10514.

Court of Civil Appeals of Texas. Galveston.

Dec. 2, 1937.

Rehearing Denied Jan. 6, 1938.

Manuel Diaz de Leon, of Houston, for plaintiff in error.

G. G. Gannon and J. C. Hutcheson, III, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for defendant in error.

GRAVES, Justice.

This appeal is from a judgment of the Sixty-First district court of Harris county, entered upon a jury's verdict in favor of the railroad company that had been instructed by the trial court at the conclusion of plaintiff in error's evidence in his own behalf, whereby he had sought damages for the alleged negligent infliction by the defendant in error of personal injuries upon him.

The ground upon which the peremptory instruction had been given was that the cause was governed by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and that such evidence conclusively showed that, if the railroad company had been guilty of any negligence, it was only such as the plaintiff in error had assumed the risk of in the course of his continued employment by it.

The trial petition declaring upon the cause of action below had alleged that the plaintiff in error had been one of a section gang employed in the maintenance of the tracks and lines of the railroad company in its Englewood yards near the city of Houston, and that on or about December 1, 1932, he had suffered an injury to the lower part of his left leg while undertaking, with two other employees, to lift or turn over a push car from one of the railroad's tracks at that time and place so that one of its engines might pass by; while numerous grounds of negligence were detailed, the major wrongful acts upon which he relied below and urges

here were these: "First, that the defendant was negligent in employing and requiring him to work with a man whose hands were stiff so that he was unable to properly perform his duties, and second, that it was negligent in not furnishing him sufficient assistance in removing a push car from the track."

While neither side pleaded that the Railroad Company was engaged in interstate commerce, or that the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., applied to this controversy, it was not only mutually stipulated by the parties upon the trial that the defendant in error was then and there engaged in interstate commerce, but the proof showed that the plaintiff in error was, at the time of his accident, engaged in its employ as such as a section laborer working upon its tracks and lines in the yards referred to.

Since the stipulation referred to stands at the threshold of the appeal, it is first contended here that the learned trial court erred in not setting it aside on application duly made there for the purpose; but the record brought here shows that the court below fully considered this matter upon the hearing for a new trial, thrashing it over under much testimony from both sides, and concluding that the evidence did not justify its withdrawal; indeed, the testimony on that hearing of the counsel for the plaintiff in error, who made that agreement for him at the trial, showed that his only ground for asking the stipulation to be stricken was that there were no pleadings to cover it in any way, he further having admitted that he had understood the agreement and acquiesced in it at the time; this plainly constituted no compelling reason for abrogating an agreement so made, since it is not necessary to plead interstate commerce in such instances in order to introduce proof of it; Toledo Railroad Company v. Slavin, 236 U.S. 454, 35 S.Ct. 306, 59 L.Ed. 671; Geer v. St. Louis Ry. Co., 109 Tex. 36, 194 S.W. 939.

Moreover, it is further disclosed in this connection that no effort was made by plaintiff in error's counsel to show that the facts stated in that stipulation were not true in every respect; in fact, the plain implication of the testimony so heard, and the trial court's action thereon, is that they were true; wherefore, it not appearing that a sound discretion in a trial court was in any way abused, the protest against its action is overruled; 39 Tex. Jur. p. 309.

What has been said already disposes of detailed presentments to the effect that—for lack of pleading of either defensive matter upon the defendant in error's part—neither the applicability of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., nor the doctrine of assumed risk that is one of its concomitants, was available to it; that is, it follows from the holding that the parties had so agreed to the applicability of the Federal Employers' Liability Act, that the doctrine of assumed risk inherent in it was also applicable, and, such being the resulting situation, it is held by unquestioned authority that no specific pleading of these matters was required, especially in instances like this where the plaintiff in error's own evidence established that he in advance knew all about the dangers and risks he complained of, hence unmistakably did assume the risks incident thereto. St. Louis Ry. Co. v. Seale, 229 U.S. 156, 33 S.Ct. 651, 57 L.Ed. 1129, Ann.Cas. 1914C, 156; Chicago, R. I. & G. Ry. Co. v. Bernnard, Tex.Civ.App., 275 S.W. 505; 29 Tex.Jur., 121; Jones v. Sunshine G. & M., Tex.Civ.App., 236 S.W. 614; New York, N. H. & H. R. Co. v. Vizvari, 2 Cir., 210 F. 118, L.R.A.1915C, 9; Yazoo & M. V. R. Co. v. Woodruff, 98 Miss. 36, 53 So. 687, 57 So. 914; Stevens v. Henningsen Produce Co., 53 Mont. 306, 163 P. 470; 39 Corpus Juris, 954; 30 Tex.Jur. 795.

It would serve no useful purpose to either detail or attempt a résumé of the evidence presented in plaintiff in error's behalf upon this phase of the case, since the boiled-down substance of it has already been given; but, being such an employee of an interstate carrier as a track laborer and member of one of its section gangs keeping its tracks and yards in repair, that he was himself engaged in interstate commerce, is thoroughly established by these authorities. Pedersen v. Delaware, L. & W. R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125, Ann.Cas. 1914C, 153; Galveston, H. & S. A. Ry. Co. v. Contois, Tex.Com.App., 288 S.W. 154; Hargrove v. Gulf Ry. Co., Tex.Civ.App., 202 S.W. 188; Missouri K. & T. Ry. Co. v. Mooney, Tex.Civ.App., 181 S.W. 543; Texas & P. Ry. Co. v. White, Tex.Civ. App., 177 S.W. 1185.

In the next place, so being engaged in interstate commerce along with his

employer, that his own evidence showed him to have been entirely familiar with the job on which he was engaged, together with the conditions under which he had been and was then doing the same, is indisputable from a reading of it; wherefore, he plainly assumed the risk under which the work was done, consonant with the provisions of the Federal Employers' Liability Act. Bonnet v. Galveston Ry. Co., 89 Tex. 72, 33 S.W. 334; Gulf, C. & S. F. Ry. Co. v. Schwabbe, 1 Tex.Civ.App. 573, 21 S.W. 706; Eddy v. Rogers, Tex. Civ.App., 27 S.W. 295; San Antonio Traction Co. v. De Rodriguez, Tex.Civ.App., 77 S.W. 420; Texas & P. Ry. Co. v. Miller, 36 Tex.Civ.App. 240, 81 S.W. 535; Missouri, O. & G. Ry. Co. v. Black, Tex. Civ.App., 176 S.W. 755, error denied; Louisiana Ry. & Nav. Co. v. Disheroon, Tex.Civ.App., 295 S.W. 250, error dismissed; Boyet v. Davis, 217 Mo.App. 513, 269 S.W. 413.

Since these conclusions determine the merits of the appeal, further discussion is deemed unnecessary, and an affirmance will be ordered.

Affirmed.

PLEASANTS, C. J., absent.