Frank S. ROSE, M.D., Appellant,

v.

Gerald James PFISTER, Individually and
as Next Friend of Michael Pfister, Alvin
Community Hospital, Inc. and Medenco
Hospitals of Texas, Inc., Appellees.

No. 17608.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 20, 1980.

Lorance, Thompson & Wittig, Larry D. Thompson, Houston, for appellant.

Miller, Gann & Perdue, John W. Turner, Fulbright & Jaworski, Robert J. Swift and Terry O. Tottenham, Houston, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment for the plaintiff in a medical malpractice action. The issue to be determined on this appeal is the application of Article 2212a, V.A.T.S., to the judgment entered in this case.

Michael Pfister sustained a fractured left arm due to a motorbike accident. He was treated by Dr. Rose at Alvin Community Hospital. He developed Volkmann's ischemic contracture during the course of his treatment. Suit was filed on behalf of Michael Pfister against Dr. Rose and the hospital.

After the case was called for trial the plaintiff announced to the court that an agreement had been reached with the defendant hospital, and that the plaintiff desired to nonsuit that defendant. The hospital had claimed indemnity or contribution in its pleadings and remained in the case aligned with the plaintiff. Issues were submitted to the jury to determine the negligence, if any, of Dr. Frank Rose, proximate cause, and damages. No issues on negligence on the part of the plaintiff or concerning the negligence of the hospital were submitted to the jury. The jury found that the negligence of Dr. Rose was a proximate cause of the injury sustained by the plaintiff and awarded $91,900.00 as damages.

There is no statement of facts. A copy of the settlement agreement between the plaintiff and Alvin Community Hospital, Inc., and Medenco Hospitals of Texas, Inc. was filed with the clerk and is found in the transcript of the proceedings. By the terms of this agreement the hospital guaranteed Robert Pfister a minimum recovery of $75,-000.00, which would be paid to him on behalf of the hospital upon the entry of a final judgment in the case. The agreement recites that the payment was intended to be a compromise and not a full and complete payment of all the legal damage which Robert Pfister suffered. Pfister agreed that the hospital's liability would never exceed $75,000.00, and that he would indemnify and hold harmless the hospital from any liability of any kind or character to any other party seeking contribution or indemnity from the hospital for any sum over $75,000.00. It is recited that the instrument is not a settlement or release, but rather a guarantee in which the total sums to be paid, if any, are indeterminable until a judgment becomes final. It further recited that Robert Pfister "is not releasing any cause of action which he may have against Dr. Frank Rose or anyone else."

It was also agreed that the $75,000.00 "to be guaranteed and paid pursuant to this agreement shall be reimbursed to the hospital out of any first monies actually received from Dr. Frank Rose . . .".

After the verdict of the jury was returned but before a judgment was entered the defendant doctor was granted leave to file a trial amendment. In this amendment he alleged that he was entitled to have a credit, offset, or deduction on the amount

of plaintiff's settlement with other alleged tortfeasors whose negligence contributed to the injuries upon which this suit is based, such settlement to be deducted from the amount of damages as found by the jury.

Michael Pfjster asserts by crosspoint that the trial court erred in permitting the trial amendment. Rule 66, T.R.C.P., authorizes the trial court to allow trial amendments if during a trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court. The Rule provides that under those circumstances the court may permit a trial amendment and "shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such an amendment would prejudice him in maintaining his action or defense upon the merits."

In commenting upon this Rule the Supreme Court has stated:

> "The provision is a salutary one, directed at arriving at the true legal rights of the parties under the true facts, but we cannot hold that the trial court abuses its discretion in denying the right to file a trial amendment when the record discloses a probable resulting prejudice to the opposite party 'in maintaining his action or defense.'"

*Westinghouse Electric Corporation v. Pierce*, 153 Tex. 527, 271 S.W.2d 422 (1954).

In that case the Supreme Court distinguished its previous holding in *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605 (1948), on the basis that the amendment in *Vermillion* sought only to assert a defense in law to facts already established and would require only a judicial determination of a new law question not theretofore in the suit.

■ It appears that the plaintiff failed to satisfy the court that the amendment would prejudice him in maintaining his action or defense on the merits. The matter of granting leave to file a trial amendment is addressed to the sound discretion of the trial court, and the court's order will not be set aside in the absence of a clear showing that the court abused its discretion. This record contains no bills of exception and no statement of facts. In such a case there is a presumption that the trial court did not abuse his discretion. *American Produce and Vegetable Company v. J.D. Campisi's Italian Restaurant*, 533 S.W.2d 380 (Tex. Civ.App.–Tyler 1975, writ ref. n. r. e.); *State of Texas v. Gilbreth*, 511 S.W.2d 556 (Tex.Civ.App.–Austin 1974, writ ref.). *Patino v. Texas Employers Insurance Association*, 491 S.W.2d 754 (Tex.Civ.App.–Austin 1973, writ ref. n. r. e.). The trial court did not err in permitting the filing of the trial amendment.

■ By this trial amendment Dr. Rose invoked the provisions of Article 2212a, V.A.C.S. This Article was adopted by the legislature to abolish the common law rule that contributory negligence is a complete bar to actions based on negligence. Section 1 of that Act enacted the Rule of Modified Comparative Negligence. Section 2 deals with the liabilities of several tortfeasors. The purpose of this Section is to apply the scheme of comparative negligence so as to require contribution from each defendant in proportion to the negligence attributable to him, rather than to require an equal contribution from each tortfeasor as formerly required by Article 2212a, but still to permit the injured party only one satisfaction of his damages. When one or more of the alleged tortfeasors has settled with the claimant, the rights and obligations of the remaining defendants are provided by subdivisions (d) and (e) of Section 2, Article 2212a, V.A.C.S. *Deal v. Madison*, 576 S.W.2d 409 (Tex.Civ.App.–Dallas 1978, writ ref. n. r. e.).

Art. 2212a, § 2(d) provides:

> "If an alleged joint tort–feasor pays an amount to a claimant in settlement, but is never joined as a party defendant, or having been joined, is dismissed or nonsuited after settlement with the claimant (for which reason the existence and amount of his negligence are not submitted to the jury), each defendant is entitled to deduct from the amount for

which he is liable to the claimant a percentage of the amount of the settlement based on the relationship the defendant's own negligence bears to the total negligence of all defendants."

The plaintiff contends that this Section is not applicable because prior to the entry of judgment in this case the hospital, an alleged joint tortfeasor, had not paid any amount to the plaintiff in settlement. Section (d) is applicable if the alleged tortfeasor pays an amount to claimant in settlement and is never joined as a party defendant. The Section is also applicable where an alleged joint tortfeasor is dismissed or nonsuited after entering into a settlement agreement with a claimant. The Rule provides that each defendant is entitled to deduct from the amount for which he is liable to the claimant "a percentage of the amount of the settlement" based on the relationship the defendant's own negligence bears to the total negligence of all defendants. The deduction permitted is based on "the amount of the settlement" rather than on the amount paid in settlement.

Section (e) provides that if an alleged tortfeasor makes a settlement with a claimant but nevertheless is joined as a party defendant at the time of the submission of the case to the jury and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment attributable to the percentage of negligence found on the part of that joint tortfeasor. There is no requirement that the settlement include the payment of an amount to the claimant.

In this case the hospital was a party defendant in the suit and was nonsuited or dismissed after settlement with the claimant. The existence and the amount of its negligence was not submitted to the jury. Section (e) is not applicable. Section (d) was applicable to the facts of this case and the trial court erred in refusing to deduct the sum of $75,000.00, which the hospital had agreed to pay to the claimant on the date the judgment was entered, from the total damage found by the jury and in failing to enter the resulting sum in his judgment. *Deal v. Madison*, supra.

Our determination that Section (d) is applicable in this case is based on our conclusion that the hospital entered into a settlement agreement with the claimant in the sense that that word is used in Art. 2212a, V.A.C.S. An agreement by which parties reach an understanding in compromise of disputed matters must be considered a settlement. There is such an understanding in this case between the plaintiff and the hospital. The controversy between them was settled and the hospital was nonsuited. The payment of a sum of money is not an essential element of a settlement. *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964).

An agreement whereby a defendant guarantees to the plaintiff the recovery of the sum of $75,000.00 and agrees to advance that sum to the plaintiff subject to repayment out of the first monies collected by the plaintiff from a co-defendant is not different in principle from an agreement whereby one defendant pays the sum of $450,000.00 in settlement with the understanding that he could recoup a sum up to $300,000.00 from the recovery which plaintiffs might receive from co-defendants. *See: General Motors Corporation v. Simmons*, 558 S.W.2d 855 (Tex.1977), and *Deal v. Madison*, supra.

The judgment of the trial court will be modified by allowing the sum of $75,000.00 as an offset against the amount of damages found by the jury, $91,900.00. As a result of this action the plaintiffs will recover only the sum of $16,900.00 against Dr. Rose. As modified the judgment is affirmed.