McALLEN KENTUCKY FRIED CHICK-
EN NO. 1, INC., Appellant,

v.

Leonor LEAL, Oscar Leal, Carlos San-
chez and Heidi Garcia, Appellees.

No. 1860cv.

Court of Appeals of Texas,
Corpus Christi.

Dec. 23, 1981.

Rehearing Denied Jan. 28, 1982.

James R. Mardis, Harlingen, for appellant.

A. A. Munoz, II and Ronald B. Layer, McAllen, for appellees.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a suit for damages resulting from an accident which occurred while appellee was a customer at appellant's store. Leonor Leal joined by her husband, Oscar Leal, plaintiffs-appellees, brought suit against defendants, Heidi Garcia and Carlos Sanchez, for negligence in the operation of a vehicle driven by Heidi Garcia and owned by Carlos Sanchez. Plaintiffs also brought suit against defendant, McAllen Kentucky Fried Chicken No. 1, Inc. Defendant-appellant, McAllen Kentucky Fried Chicken No. 1, Inc., filed a cross-action against Heidi Garcia and Carlos Sanchez seeking contribution and indemnity. Prior to the commencement of trial the plaintiffs, Leonor and Oscar Leal, and defendants, Heidi Garcia and Carlos Sanchez, reached a settlement agreement and these defendants were non-suited.

The record indicates the following facts and circumstances. On December 24, 1977 appellee Leal was injured when a car driven by appellee Garcia struck the wall of the appellant's store, resulting in multiple injuries to appellee Leal, who was seated inside the building at the time of the accident. Appellee Leal alleged that appellant failed to provide adequate barriers to prohibit vehicles from running into the building and injuring customers therein.

The jury found that the appellee Leal should recover $206,108.45 and the court entered judgment for such amount. Motions for judgment N.O.V. and new trial by appellant were denied and this appeal followed.

In answering the special issues, the jury found that the appellant failed to exercise reasonable and ordinary care to maintain its

establishment in a reasonably safe condition for use by its customers and that such failure was a proximate cause of the accident. In addition, the jury found that appellee Garcia was negligent in the operation of her vehicle but that such negligence was not a proximate cause of the occurrence, and that the percentage of negligence attributable to each party was 90% against appellant and 10% against appellee Garcia.

Appellant brings 13 points of error. In points 1 through 7 appellant contends that there is either no evidence or insufficient evidence to support the jury's finding that appellant failed to maintain a reasonably safe condition for its customers. Appellant argues that the foreseeability issue is lacking and that the negligence of appellee Garcia was a new and independent cause of the occurrence.

On the question of foreseeability, appellant's area supervisor testified that there were numerous Kentucky Fried Chicken stores that have parking facilities similar to the appellant's facilities. That all stores maintained a barrier of concrete abutting out from the wall of the building which are 32 inches in width and 6 inches in height; that no other type of barrier is used except for the drive-in windows. He testified further that the accident in question was the only incident where the wall was severely damaged by an accident of this type in the preceding eight years.

Appellee Garcia testified that she had slowed down when she entered the premises; that she was not going fast. Further, that when she attempted to apply the regular brakes, they failed and she then put on the emergency brakes. She further testified without objection that if the sidewall had been higher or wider, or if there had been "carstops" there she would not have hit the building. Appellees' expert, Flanigan, testified that in his opinion a barrier would have prevented the accident; that the appellant's sidewalk type barrier would not be high enough to restrain an automobile coming in at a speed of ½ mile per hour. He further testified that there was a need for a more substantial type barrier

and that without such a barrier the premises would be dangerous and unsafe.

Appellant's main argument on foreseeability is predicated on the fact that over a period of eight years the twenty stores with similar type of drive-ways and sidewalks had never had an incident of that type and that therefore this accident was not foreseeable.

■ It is true that the fact as to whether other accidents have or have not occurred could be probative as to whether or not such an event was foreseeable but it is not conclusive. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970). In *Parking, Inc. v. Dalrymple*, 375 S.W.2d 758 (Tex.Civ.App.—San Antonio 1964, no writ) the Court stated:

> "Appellant showed that for the fourteen years it had operated the lot no one had ever fallen into the creek or had attempted to take a short-cut to the theatre. * * We cannot say, as a matter of law, that appellant could not reasonably anticipate that someone would fall into the creek if it was obscured, and suffer some type of injury. * * * We overrule appellant's point that the accident was not foreseeable as a matter of law."

■ The foreseeability element of proximate cause does not require the particular act to have been foreseen, but that the injury be of such general character as might reasonably have been anticipated. *Brownsville and Matamoros Bridge Co. v. Null*, 578 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd, n.r.e.), *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970).

■ The jury having found affirmatively on the issue of proximate cause, which included the element of foreseeability, we cannot say as a matter of law that appellant could not reasonably anticipate that an automobile might run into the building causing the damages and injuries complained about. *Parking, Inc. v. Dalrymple, supra.*

We find that the testimony of appellee Garcia and the expert Flanigan presents evidence to support the jury's finding of

proximate cause. *Martinez v. Delta Brands*, 515 S.W.2d 263 (Tex.1974); *East Texas Theaters Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970). Furthermore, after careful consideration of all the evidence, as required by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951), we hold the evidence is factually sufficient to support the jury's finding and that the finding of proximate cause is not against the great weight and preponderance of the evidence.

Appellant complains the trial court erred in refusing to submit the timely requested instruction on new and independent cause. Appellant argues that the negligence of appellee Garcia was a new and independent cause which destroys the causal connection of an act or omission by the appellant.

■ New and independent cause is not an issue to be submitted to the jury, but is an element to be considered by the jury in determining the existence of proximate cause. *Dallas Railway & Terminal Company v. Bailey*, 151 Tex. 359, 250 S.W.2d 379 (1952).

■ A review of the criteria set forth in *Humble Oil & Refining Company v. Whitten*, 427 S.W.2d 313 (Tex.1968) requires the conclusion that appellee Garcia's negligent act was not a new and independent cause of the occurrence. The jury concluded that appellant failed to exercise reasonable and ordinary care to maintain its establishment in a reasonably safe condition and this failure was a proximate cause of the occurrence. The negligent act of appellee Garcia did not independently cause the occurrence but was dependent upon appellant's failure to maintain a reasonably safe condition for its customers. We find that the trial court did not err in refusing to submit the new and independent cause instruction to the jury. *Bell v. Campbell*, 434 S.W.2d 117. We overrule these points.

■ Appellant contends in points 8, 9 and 10 that the trial court erred in overruling its motion for new trial for the reason that the damage award by the jury was against the great weight and preponderance of the evidence.

At the time of the accident appellee Leal was 54 years old and was holding down two jobs at the Downtowner Motel and Paradise Park working about 12 hours a day and earning about $740.00 a month. The record reflects that appellee Leal had worked all her life, and that she expected she would have continued to do so, had it not been for the accident. The evidence, viewing it most favorably to the jury's award, would justify the conclusion that appellee Leal was making about $9,000.00 per year at the time of the accident. Furthermore, a female the age of appellee Leal has a life expectancy of 26 more years at the time of her injuries. Appellee Leal was unable to work at the time of trial and it appears she will be unable to do so in the future.

As to the physical injuries sustained by appellee Leal the record reflects that due to the accident appellee Leal sustained injuries to her back, neck and wrist. She was taken to a hospital immediately after the accident. Appellee Leal was first seen by an orthopedic doctor on January 3, 1978. She was subsequently operated on for the condition of her wrist but her back, neck and leg pain continued. A myelogram and discogram were performed on October 19, 1978. These diagnostic procedures revealed two herniated discs at L–4 and L–5. Appellee Leal was operated on for the removal of the discs on June 14, 1979. Appellee Leal still complains of pain and the inability to use her body as she did prior to the accident. It appears from the medical testimony that appellee Leal will suffer from these disabilities the rest of her life. Considering all of the evidence in the light most favorable to the jury award we reach the conclusion that the jury's verdict is amply supported by the evidence. *Dover Corp. v. Perez*, 587 S.W.2d 761 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd, n.r.e.); *Texas Steel Co. v. Recer*, 508 S.W.2d 889 (Tex.Civ.App.1974, n.r.e.). Appellant's points of error are overruled.

Appellant contends in its eleventh point of error that the trial court erred in allowing into evidence, over objection, the "Mary Carter Agreement" between appellees, Oscar and Leonor Leal, and appellees, Heidi

Garcia and Carlos Sanchez. Prior to trial the appellees Leal agreed to settle with appellees Garcia and Sanchez for the sum of $25,000.00. The agreement further provided that in the event the recovery from appellant, McAllen Kentucky Fried Chicken exceeded $45,000.00, then appellees Leal would share the excess over that sum, appellees Garcia and Sanchez keeping half of every dollar up until the sum of $25,000.00.

The traditional rule in Texas is that information about settlement agreements should be excluded from the jury, because the agreement could be taken as an admission of liability, and a contrary rule would frustrate the policy favoring the settlement of lawsuits. *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347 (Tex.1968); 2 McCormick I. Ray, Texas Law of Evidence § 1142 (2d ed. 1956). Recently the Supreme Court in *City of Houston v. Sam P. Wallace and Co.*, 585 S.W.2d 669 (Tex.1979), recognized an exception to the general rule. when a plaintiff and one defendant settled a cause on an agreement which provided that the settling defendant will receive back a percentage of what the plaintiff recovers from the other defendant. In *General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex.1977), the Court held that an agreement should be introduced into evidence so as to permit the discrediting of witnesses for the settling defendant who actually had a financial stake in the success of the plaintiff's recovery.

In the present case the first mention of the settlement agreement was made by the appellant in his examination of appellee Garcia. Appellant, however, only offered a portion of the agreement. Thereafter, counsel for appellee. offered, and the court admitted the remaining portions of the settlement agreement after certain deletions were made.

Appellant elected to bring to light before the jury the existence of the settlement agreement. Under the laws and rules of evidence, appellee is entitled to bring before the jury the entire agreement to explain the overall agreement and prevent the jury's being misled by selected portions

of the agreement. Appellant opened the door insofar as the settlement agreement was concerned, and thusly waived objection to the introduction of the entire agreement between the parties. *General Motors v. Simmons, supra.* Appellant's eleventh point of error is overruled.

Appellant contends in its twelfth point of error that the trial court erred in allowing counsel for appellees Garcia and Sanchez to participate in the trial on the merits, after they had been non-suited and were no longer real parties in interest to the cause, therefore, in effect making for double representation for plaintiffs. In support of his argument appellant cites *Deal v. Madison*, 576 S.W.2d 409 (Tex.Civ.App.—Dallas 1978, n.r.e.), to the effect that participation by counsel for settling defendants serves only to confuse juries with respect to the true interest of the parties before them. In the present case, the true interest of all parties involved in the trial of this case were clearly made known to the jury.

Prior to opening statements, the court was advised that appellees Garcia and Sanchez were being non-suited by appellees Oscar and Leonor Leal, and that the appellees Garcia and Sanchez were remaining in the suit on the aforementioned cross-action by the non-settling defendant, appellant herein. Counsel for appellees Oscar and Leonor Leal during opening statements to the jury, clearly advised the jury that the plaintiffs had settled their cause of action against appellees Garcia and Sanchez. The jury also was clearly informed by counsel for appellees Garcia and Sanchez that these appellees had settled the case with appellees Oscar and Leonor Leal and that they were aligned with them, insofar as the non-settling appellant was concerned. The trial court was within its discretion in allowing counsel for the appellees Garcia and Sanchez to continue his participation in the trial of the case, since not only the negligence of the settling defendant was in issue but also because of the fact appellant elected to keep them in the suit by maintaining a cross-action against them. Appellant's point of error is overruled.

 Appellant contends in its thirteenth point of error that the trial court erred in not allowing credit in the judgment for the $25,000.00 payment made by appellees Garcia and Sanchez to appellees Oscar and Leonor Leal.

In *Deal v. Madison, supra,* the Court addresses the issue of when, during the trial of a lawsuit, must the election be made between the two Subdivisions of § 2, Article 2212a. The Court discusses the election that a non-settling defendant must make between claiming a deduction under Subdivision (d) and a proportionate reduction under Subdivision (e). In construing the two Subdivisions of § 2, Article 2212a V.A.T.S. the Court held:

> "Accordingly, we construe Subdivisions (d) and (e) of Article 2212a, as not requiring the defendant to elect between claiming the deduction allowed by Subdivision (d) and the proportionate deduction of damages provided by Subdivision (e), before submission of the case to the jury."

In the present case appellant made the election of submitting to the jury Special Issues Numbers 3, 4 and 5 for a jury determination of the percentage of negligence attributable to the settling defendant.

In *Rose v. Pfister,* 607 S.W.2d 587 (Tex. Civ.App.—Houston [1st District] 1980, no writ) the Court clearly differentiated between Subdivisions (d) and (e) of § 2, Article 2212a. The Court held:

> "When one or more of the alleged tort feasors has settled with Claimant, the rights and obligations of the remaining Defendants are provided by Subdivisions (d) and (e) of Section 2, Article 2212a, V.A.T.S."

The Court went on to hold at page 590:

> "In this case, the hospital was Party-Defendant in the suit and was non-suited or dismissed after settlement with the Claimant. The existence and the amount of its negligence was not submitted to the jury. Section (e) is not applicable. Section (d) was applicable to the fact of this case. . . ."

> "Section (e) provides that if an alleged tort feasor makes a settlement with a Claimant, but nevertheless is joined as a Party-Defendant, at the time of the submission of the case to the jury and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment, attributable to the percentage of negligence found on the part of that joint tort feasor."

In answer to Special Issue Number 3, the jury found that appellee Garcia was negligent in the operation of her vehicle, but in Special Issue Number 4 found that such negligence was not a proximate cause of the occurrence. Thus, the negative finding in response to Special Issue Number 4 would negate the percentage finding of negligence in response to Special Issue Number 5.

An election is necessary by a non-settling defendant, and that must be made prior to submission to the jury. At that point of a trial, a non-settling defendant is faced with a strategic option, either to take his credit or submit the negligence of the settling defendant to the jury for a percentage determination. Here, the appellant chose the latter, and the jury found the settling appellee Garcia 10% negligent, but that said negligence was not the proximate cause of the occurrence in question. It is clear that when the negligence of the settling defendant was submitted to the jury, appellant, having made its election, is limited to a claim for proportionate reduction of the damages under Subdivision (e) of § 2, Article 2212a. Appellant cannot now come back and request a credit for the amount of the settlement. *Deal v. Madison, supra.* Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

Appellant, in its motion for rehearing, requests that we make certain findings of fact and conclusions of law concerning the jury's findings of proximate cause and the evidence establishing any damages suffered by appellee, Oscar Leal.

In *Nowlin v. Hall*, 97 Tex. 441, 79 S.W. 806 (1904) the Supreme Court, in discussing the statutes then in effect, similar to our present Rules of Civil Procedure 453 and 455, concluded that Rule 453 requires only that a Court of Civil Appeals file conclusions or findings that the evidence in a particular case is or is not factually sufficient to support express or implied trial court or jury findings on important issues made by the pleadings and evidence.

It is not required that a Court of Civil Appeals make evidentiary findings or that it repeat all of the evidence in its opinion or all of the trial court findings which appear in the record. *City of Beaumont v. Graham*, 441 S.W.2d 829 (Tex.1969); *Moore v. Copeland*, 478 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

In our original opinion we found that the findings of the jury concerning the negligence of appellant, with respect to the issue of proximate cause, were supported, both legally and factually, by the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Appellant's first request is denied.

Appellant also requests supplemental findings on damages suffered by appellee Oscar Leal individually. This point was originally included in appellant's brief in a group of points of error as to excessive damages. The excessive damages points of error were all overruled. The court's charge to the jury included among other elements of damage, loss of past and future earnings, loss of household services in the past and in the future, and future medical expenses to both Oscar Leal and Leonor Leal. Appellant made no objection to this portion of the court's charge. The damages are not otherwise separated. No objection having been made to the court's charge, it is considered waived and cannot be considered on appeal. Rule 272, T.R.C.P.; *Leatherwood v. Holland*, 375 S.W.2d 517 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.); *Terry County Airport Board v. Clark*, 378 S.W.2d 932 (Tex.Civ.App.—Amarillo 1964, no writ). Appellant's second request is also denied.

We find no merit in the matters raised in appellant's motion for rehearing and we adhere to our original disposition of the case.