OPINION
SEERDEN, Justice.
This suit was instituted by Bert L. Hueb-ner, administrator of the estate of Clay Carroll Dove; deceased, and on behalf of Roselyn Helen Dove, his widow and Stephanie Rose Dove and Trey Carroll Dove, his surviving minor children. Missouri Pacific Railroad Company, the deceased’s employer at the time of the incident causing his death, was sued under the Federal Employees Liability Act, 45 U.S.C. 51 et seq. The cause of action against the other defendants was brought under the Texas Survival and Wrongful Death Acts. TEX. REV.CIV.STAT.ANN. art. 5525 et seq. (Vernon 1958) and TEX.REV.CIV.STAT. ANN. art. 4671 et seq. (Vernon 1976). Trial was to a jury, which found the railroad 907' liable for the death of Clay Dove and awarded $5,400,000 in damages. Missouri Pacific Railroad Company is the only defendant bringing this appeal.
The incident which is made the basis of this suit occurred on December 9, 1982 at approximately 9:30 p.m. on a farm to market road in Victoria County, near the Jackson County line. While the railroad crew with which Clay Dove worked was being transported to its work site by Ronnie Bounds, d/b/a Victoria Carrier Service, an independent contractor, and one of the defendants below, Bounds drove across the road onto the left-hand shoulder to look for a hat which one of Dove’s fellow crew members had lost on the previous nights trip. There is a curve to the right in the highway in this area and, while the Bounds vehicle was on the shoulder of the highway, facing oncoming traffic with its lights on, a petroleum tank truck owned by Scur-loek Oil Company, a defendant below, and one of the appellees here, and operated by Ernest Lewis, approached from the opposite direction. As the tank truck approached the Bound’s vehicle, it left the pavement and ultimately collided with the *355 Bound’s vehicle killing Clay Dove and one other member of the railroad crew.
Prior to the beginning of the trial, Hueb-ner, on behalf of the Doves entered into an agreement with Scurlock and its employee, Lewis, whereby the Doves were guaranteed that they would receive $2,500,000; however, if the jury award was that much or more and if the apportionment of fault exonerated or lessened Scurlock’s liability to less than the $2,500,000, they would only pay the lesser amount. In fact, the verdict and judgment of the trial court had this effect, since Scurlock’s part of the $5,400,-000 of damages was determined to be only 10%.
The first four points of error relate to conduct of appellees and the trial court relative to the agreement set out above. Appellant contends that 1) the trial court should have granted a mistrial because of the statements of the Doves’ counsel during voir dire concerning the agreement; 2) the trial court refused to instruct the jury that there was no antagonism between the Doves and Scurlock; 3) the trial court failed to re-align the parties for cross-examination and argument; and, 4) the trial court erred in admitting the testimony of Huebner that the agreement was in the best interest of the estate.
During the voir dire of the jury panel, counsel for the Doves made a statement that “because of the concern this company (Scurlock) has for these people, they have entered into an agreement ... (with plaintiff’s)_” Appellant moved for a mistrial, which was overruled. The court, however, instructed the jury to disregard the remarks and advised the jury that the Doves and Scurlock had made an agreement which was advantageous to the Doves.
Generally, the fact that a co-defendant has entered into a settlement agreement with plaintiff should be excluded from the jury. McGuire v. Commercial Union Ins. Co., 431 S.W.2d 347 (Tex.1968). Therefore, it was proper for the court to instruct the jury to disregard the remarks of plaintiffs’ counsel. While appellant contends that the remarks on voir dire were so prejudicial that no instruction could undo such effects, there is no evidence that any of the jurors’ decision on any of the special issues was affected by the settlement agreement. No objection was made to the trial judge’s statement that an agreement advantageous to plaintiff had been reached with Scurlock. The verdict of the jury was unanimous. We fail to see that the remarks could have had the effect contended by appellant.
There was no complaint that the trial judge advised the jury panel that an agreement had been reached. Appellant’s complaint is that the statement did not go farther and state that there was no antagonism between the Doves and Scurlock. During their portion of the voir dire both counsel for Ronnie Bounds and counsel for the appellant alluded to the fact that the Doves and Scurlock had “made their deal” and that it might affect the way they presented the evidence. After voir dire was completed but before the presentation of the evidence began, the agreement was reduced to writing and a discussion was had concerning it outside the presence of the jury. At this point, there was no question that the interests of the parties were such that the Doves, Scurlock, and Lewis had a common interest in laying the bulk of the responsibility for the collision on the appellant, and appellant and Bounds had a common interest in contesting such claims.
It was during this discussion that appellant made the requests that the judge advise the jury that there was no antagonism between the parties to the agreement and that the parties be aligned to reflect this fact. The judge indicated that he had already re-aligned the parties and the record reflects that the trial court equalized the jury strikes to reflect the proper alignment of the parties. At the conclusion of the discussion, the trial judge stated: “I think we will start the ease the way it is. If they (the jury) need any additional instructions, we will give it to them in writing and not orally. We need to bring the jury in.”
*356 During the presentation of the case, appellant made no objection to any counsel being allowed to cross-examine witnesses, nor did it complain of the order or right of the various parties to make final arguments. We hold that appellant waived any complaint he may have had in regard to the cross-examination of witnesses by more than one lawyer as well as the order of presentation of argument. See PGP Gas Products, Inc. v. Fariss, 620 S.W.2d 559 (Tex.1981); TEX.R.CIV.P. 373.
Finally, in connection with the settlement agreement, appellant complains of the admission by the trial court of testimony from Mr. Huebner, administrator of the Dove estate, that he had entered into the agreement and it was in the best interest of the estate, the widow and children. While we believe that such testimony was not relevant to any issues before the jury and not properly admissible, we hold that the error in allowing such testimony did not amount to such a denial of the rights of the appellant as to cause the rendition of an improper verdict and judgment. TEX. R.CIV.P. 434. The judge had already told the jury that an agreement had been made that was advantageous to the Doves and both counsel for the railroad and for Ronnie Bounds referred to “the deal” made by those parties.
In considering each of appellant’s first four points of error, we acknowledge that its basic contention is that appellees, the Doves and Scurlock, concealed the true nature of their agreement from the jury. Agreements similar to the one presented in this case have been the subject of much judicial discussion. See General Motors Corp. v. Simmons, 558 S.W.2d 855 (1977); McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal, 627 S.W.2d 480 (Tex.App.—Corpus Christi 1981, writ ref’d n.r.e.); Brown v. Gonzales, 653 S.W.2d 854 (Tex.App.—San Antonio 1983, no writ), the cases and articles cited therein.
These cases make clear that where the settling defendant remains in the case and stands to benefit by the plaintiffs recovery against the non-settling defendant, the non-settling party may introduce evidence of the agreement to explain the interest, bias, or motive of the settling party. General Motors v. Simmons, 558 S.W.2d at 859. Additional problems are created when the agreement, in addition to setting out the financial terms of the settlement undertakes to explain the reasons for the agreement. This Court, in McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal, 627 S.W.2d at 484, held that where a non-settling party introduces part of a settlement agreement, the settling parties have a right to introduce the entire agreement, so that the jury will be completely informed of the nature of the agreement. In Brown v. Gonzales, 653 S.W.2d at 863, the San Antonio Court held that the “entire agreement” of the parties did not necessarily include self-serving recitals in the agreement concerning the innocence of the settling parties and the opinion of the settling parties as to the total amount of damages.
Appellant never made an offer to the jury of the agreement, other than his statement on voir dire. While the trial judge refused to give the oral instruction requested by appellant, appellant was specifically informed during the trial that it could refer to the settlement agreement. We hold that the trial court did not err in failing to give additional explanatory instructions to the jury concerning the agreement in the absence of a tender of the agreement on the part of appellant. Appellant’s points of error one through four are overruled.
In its fifth and sixth points of error, appellant complains of the admission of testimony as to elements of damages which it contends are not legally recoverable under F.E.L.A. and to the trial court’s failure to grant a mistrial after the completion of the complained of testimony. The testimony was given by Dr. James Edgar Cowart, a family practitioner. In general, his testimony related to the effect of the loss of a father on a young family. His opinion was that the family unit was extremely important and the loss of a father with attributes already described by other witnesses as *357 being possessed by Clay Dove could have tragic consequences. He went into detail in describing some of these consequences, most of which had previously been related without objection, as having occurred in the Dove family.
Counsel for appellees do not challenge appellant’s position that the F.E.L.A., 45 U.S.C.A. Sec. 54, et seq. permits recovery for damages only that “flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries.” Michigan Central Railroad Company v. Vreeland, 1913, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417. There is also no challenge to appellant’s contention that the Texas state courts are required to follow the United States courts interpretation in connection with the items of damages recoverable in F.E.L.A. cases.
Referring to items of damages recoverable under the Jones Act[1] and F.E.L.A., the United States 5th Circuit Court of Appeals has said:
Neither the Jones Act nor the F.E.L.A. contains any reference to the items of damage that are recoverable in such a suit. However, in Michigan Central Railroad v. Vreeland, 1913, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, the Supreme Court interpreted the F.E.L.A. to permit recovery only for damages that “flow from the deprivation of the pecuniary benefits from which the beneficiaries might have reasonably received if the deceased had not died from his injuries.” Id at 70, 33 S.Ct. at 196, 57 L.Ed. at 421. Thus construed, the act permits recovery for loss of services of the deceased and, when the beneficiary is a child, for loss of the care, counsel, training and education that it might reasonably have received from the parent. As interpreted by the court, the act excludes injuries “to the affections and sentiments which arise from the death of relatives, in which, the most painful to be borne, cannot be measured or recompensed by money. It ex-eludes, also, those losses which result from the deprivation of the society in companionship, which are equally incapable of being defined by any recognized measure of value. Id at 71, 33 S.Ct. at 196, 57 L.Ed. at 422.
Ivy v. Security Barge Lines, Inc., 606 F.2d 524 (5th Cir.1979).
When counsel for the Doves’ asked Dr. Cowart to state his belief about the importance of the family structure as a unit, appellant objected on the ground, “It has no materiality or bearing on the damage issues in a Federal Employer’s Liability Act case.” This objection was overruled. The trial court permitted appellant a running objection to Dr. Cowart’s testimony in this regard. After Dr. Cowart’s testimony was completed, appellant moved for a mistrial on the grounds that this testimony interjected elements of damages into the case not covered by F.E.L.A. Counsel pointed out that the doctor testified about “the possibility of mental depression caused by grief, sorrow, that sort of thing.” No specific objection had been made to the - Doctor’s testimony, when these items were mentioned.
The survivors of Clay Dove were entitled to recover more than the simple mathematical calculation of the deceased’s future wages. They were entitled to recover the pecuniary loss of such intangibles as loss of care, nurture, admonition, counsel, protection, advice, service, and guidance. Simpson v. U.S., 322 F.2d 688 (5th Cir. 1963); Rideaux v. Lykes Brothers Steamship Company, 285 F.Supp. 153 (S.D.Tex.1968); St. Louis S.F. & T. Railway Co. v. Geer, 149 S.W. 1178 (Tex.Civ.App.—Dallas 1912), aff’d, 109 Tex. 36, 194 S.W. 939 (1917).
Additionally, as previously mentioned, we note that the appellant failed to object to the same testimony concerning the effect of the deceased’s relationship with his wife and children when that testimony was offered by the deceased’s wife, mother, father, and best friend. Therefore, at the *358 time Dr. Cowart testified the evidence about which he opined was already before the jury without objection. “[T]he admission of incompetent evidence does not constitute reversible error when there is other competent evidence in the record on the same question.” Mandril v. Kasishke, 620 S.W.2d 238, 249 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); Badger v. Symon, 661 S.W.2d 163 (Tex.App.—Houston [1st Dist.] 1983, writ ref’d n.r.e.); Ford Motor Company v. Nowak, 638 S.W.2d 582 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Under this state of the record, Dr. Cowart’s opinion as to the previously unob-jected testimony would really only go to the weight to be given such testimony and not to its admissibility.
After carefully considering the complete testimony of Dr. Cowart, as well as the other witnesses who testified concerning the relationship of the deceased with his family, the objection made by appellant and the instructions given by the court in its charge to the jury, we find no reversible error in the admission of the complained of testimony or in the failure of the trial court to grant appellant’s motion for mistrial. Appellant’s fifth and sixth points of error are overruled.
In its seventh point of error, appellant contends the trial court should have granted a mistrial because of incurably prejudicial argument by counsel for Scur-lock and the Doves. In his closing argument, counsel for Scurlock criticized the railroad for the position it took on liability. He also made light of the railroad’s argument that $700,000, properly invested in long-term bonds would make the Doves whole. We do not agree with appellant that this case is analogous to City of Houston v. Sam P. Wallace and Co., 585 S.W.2d 669 (Tex.1979). In that case, one of the parties had completely settled their case and made a totally unanticipated closing argument contrary to the position it had maintained throughout the litigation. Here, as previously discussed, everyone including the jury was aware of Scurlock’s position. We see nothing improper in Scur-loek’s argument.
As for the other complained of argument, counsel for Dove stated:
I am going to call Homer and Jeannie Dove after you-all have made your decision and I am going to give them the information that you give us about Clay and that’s going to be done to Stephanie and Trey. If Mr. Brinson [counsel for MoPac] wants to stop by Victoria and visit with Trey and try to convince that little boy that- his Daddy is not worth that, I am sure he wouldn’t believe it. I don’t believe it would ever make that little boy believe that. Thank you.
No objection to this argument was made by appellant until the argument was completed, the jury had left the courtroom and begun its deliberations. Then, appellant moved for a mistrial. The objection was not timely and there was no request for a curative instruction by the court. After considering the entire record, we cannot say that the probability that the argument caused harm is greater than the probability that the verdict was grounded on the evidence and proper proceedings. Accordingly, we overrule appellant’s point of error number seven. Standard Fire Insurance Co. v. Reese, 584 S.W.2d 835 (Tex.1979); Ford Motor Co. v. Nowak, 638 S.W.2d 582.
Appellant’s eighth point of error contends a new trial should be granted based on the theory of cumulative error. Considering the record as a whole, we cannot say that what error we have found was so cumulatively harmful as to result in an improper verdict or was such as would require the granting of a new trial. We overrule appellant’s eighth point of error.
In its ninth and tenth points of error, appellant contends that the damages awarded are excessive. After reviewing the entire record and the circumstances of the case, we conclude that there is evidence in the record to support the jury’s award and that it is not against the great weight and preponderance of the evidence. In addition, we find nothing in the record to show bias, prejudice, or other improper mo *359 tive on the part of the jury that would warrant disturbing the jury’s award. The amount awarded by the jury is supported by the evidence and does not offend the conscience of this Court. As such, it is not necessary for us to use our sound judicial discretion to determine the amount of ex-cessiveness. Flanigan v. Carswell, 324 S.W.2d 835 (Tex.1959); Armellini Express Lines of Florida v. Ansley, 605 S.W.2d 297 (Tex.Civ.App.-Corpus Christi 1980, writ ref’d n.r.e.).
In its final point of error, the appellant excepts to the jury’s determination of the percentage of fault between appellant and Scurlock. It is appellant’s position that the jury finding that appellant was 90% liable for the deceased’s injuries and Scurlock 10% liable is against the great weight and preponderance of the evidence. In considering a “no evidence” or “insufficient evidence” point of error, we will follow the well established test set forth in Glover v. Texas General Indemnity Company, 619 S.W.2d 400 (Tex.1981); Garza v. Alviar, 395 S.W.2d 821 (Tex.1965); Allied Finance Company v. Garza, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref’d n.r.e.); CALVERT, No Evidence and Insufficient Evidence Points of Error, 38 Tex.L.Rev. 361 (1960).
We have meticulously reviewed the entire record. Both parties presented numerous witnesses and expert witnesses concerning the cause of the accident. The question of fault between appellant and Scurlock was thoroughly presented to the jury. We find sufficient evidence to support the allocation of liability. Appellant’s eleventh point of error is overruled.
The judgment of the trial court is AFFIRMED.

. 46 U.S.C. 688. On the question of damages, both the Jones Act, relating to seaman, and the F.E.L.A., relating to railroad employees, are analogous.