Ronnie W. BOUNDS, Appellant,

v.

**SCURLOCK OIL COMPANY and Ernest Lewis, Appellees.**

No. 13–86–281–CV.

Court of Appeals of Texas, Corpus Christi.

April 2, 1987.

Rehearing Denied May 7, 1987.

Steve O. McManus, Jim Cole, Cole, Mc-Manus, Cole & Easley, Victoria, for appellant.

W. James Kronzer, James W. Tucker, Jr., Houston, James A. Smith, Port Lavaca, James Stofer, Kevin Cullen, Victoria, for appellees.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

Bounds brought suit for personal injury, alleging that the negligence of Lewis and Scurlock Oil Company was the proximate cause of his damages. Pursuant to the jury's answers to the special issues, the trial court rendered judgment that Bounds take nothing by his suit. Bounds brings eight points of error. We affirm the judgment of the trial court.

Bounds owned and operated Victoria Carrier Service. Bounds and Missouri-Pacific Railroad Company (MoPac) contracted for Bounds to transport train crews, by motor vehicle, between various towns. On December 9, 1982, Bounds met a crew of five men in Bloomington, Texas, and proceeded to transport them to Vanderbilt, Texas. The farm to market road (FM–616) that leads to Vanderbilt runs parallel to the railroad tracks. The fireman for this crew, Smith, had previously lost a baseball cap along the railroad tracks that run parallel to FM–616 and desired to stop and retrieve the cap during the journey to Vanderbilt. Upon arriving in the area where Smith had lost his cap, Bounds crossed the center line of the road and parked his Chevrolet Suburban on the left shoulder of the road. Although the Suburban was completely off the roadway, his headlights faced the oncoming traffic.

There is conflicting testimony as to whether the Suburban was parallel to the roadway or at a forty-five degree angle to the roadway, with its headlights directed

toward the railroad tracks. Smith exited the Suburban, retrieved a flashlight from the rear of the Suburban, and walked toward the railroad tracks to find his cap. At this point, a Scurlock Oil truck, driven by Lewis, collided with the Suburban. Bounds and two other men survived the accident, but two men in the rear seat of the Suburban died. The accident occurred at approximately 9:30 p.m. Because of rains earlier in the day, the road surface was wet and the sky was overcast. At the time of the accident, the weather conditions were described as a light drizzle.

Bounds, by his first and second points of error, complains that the trial court erred in submitting an instruction on sudden emergency because there was "no evidence" to warrant such a submission or, in the alternative, that the "great weight and preponderance of the evidence" does not support an instruction on sudden emergency. The trial court instructed the jury that:

> When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, and which to a reasonable person requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or a failure to use ordinary care, if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances.

◼ A trial court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict. Tex.R.Civ.P. 277. "An appellate court's standard of review is abuse of discretion." *Illey v. Hatley*, 693 S.W.2d 506, 509 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). The defendants pleaded "sudden emergency" and, as shall be reviewed in subsequent points of error involving the sufficiency of the evidence to support the jury's answers to the special issues, there was evidence admitted to support the "sudden emergency" defense. Further, the trial court's instruction properly outlines the defense of "sudden emergency." The trial court did not abuse its discretion in submit-

ting the instruction. We overrule appellant's first and second points of error.

Bounds, by his third point of error, complains that the trial court erred in not admitting the "Mary Carter" settlement between Bounds and MoPac into evidence. Upon Bounds' offer of the agreement, the trial court announced that it was admitted for the trial court's benefit and would not go before the jury. Bounds made no objection to this ruling.

◼ The general rule in Texas is that information about settlement agreements should be excluded from the jury, because the agreement may be taken as an admission of liability. *City of Houston v. Sam P. Wallace & Co.*, 585 S.W.2d 669, 673, (Tex.1979); *McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal*, 627 S.W.2d 480, 484 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Tex.R.Evid. 408. However, the exception to this general rule allows the admission of a settlement agreement, namely a "Mary Carter" settlement, when it is offered for the purpose of proving bias or prejudice, or interest of a witness or party. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 3–4 (1986); *General Motors Corp. v. Simmons*, 558 S.W.2d 855, 858–59 (Tex.1977); *Missouri Pacific Railroad Co. v. Huebner*, 704 S.W.2d 353, 356 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); Tex.R.Evid. 408. The trial court properly excluded the settlement agreement from the jury in this case. The admission of the settlement, offered by the *plaintiff*, would not show bias or prejudice on the part of Scurlock, nor would it show the interest of a witness or a party. The settlement agreement was not relevant to any issues between Bounds and Scurlock. We overrule appellant's third point of error.

Bounds, by his fourth and fifth points of error, complains that the trial court erred in admitting the testimony and accident report of the highway patrolman into evidence.

Officer Masiel testified that, in his opinion, the primary cause of the accident was that Bounds' vehicle was off the road, on the westbound side, with its lights on. Ma-

siel based his opinion on his investigation of the accident site and his conversations with the occupants of the two vehicles involved in the accident.

We agree that Masiel, who was not an accident analyst or reconstruction expert, was not qualified to express his opinion on the ultimate issue of the case. *Estate of Brown v. Masco Corp.*, 576 S.W.2d 105, 107–108 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Likewise, Masiel was not a witness to the accident and portions of his report contain hearsay statements, namely a description of the accident. *See Brown & Root, Inc. v. Haddad*, 142 Tex. 624, 180 S.W.2d 339, 341 (1944); *Flores v. Missouri-Kansas-Texas Railroad Co.*, 365 S.W.2d 379, 382 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.). "The erroneous admission of evidence will not require a reversal unless the record as a whole affords a substantial basis for the reasonable belief that such evidence may well have caused the rendition of an improper judgment." *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 590 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); Tex.R. App.P. 81(b)(1). In this case, Paul Chilton, an accident investigator and reconstructionist, and Robert Draper, the director of driver improvement programs for the Texas Safety Association, corroborated and reiterated Masiel's testimony. Therefore, the error in the admission of Masiel's testimony and his accident report is harmless. *See Richardson v. Green*, 677 S.W.2d 497, 501 (Tex.1984); *Whitener v. Traders and General Insurance Co.*, 155 Tex. 461, 289 S.W.2d 233, 236 (1956); *Nowak*, 638 S.W.2d at 590; *Garrett v. Standard Fire Insurance Co.*, 541 S.W.2d 635, 638 (Tex.Civ. App.—Beaumont 1976, writ ref'd n.r.e.). We overrule appellant's fourth and fifth points of error.

Bounds, by his sixth and seventh points of error, complains that the trial court erred in failing to set aside the judgment and grant a new trial because the jury's answers to the special issues were against the great weight and preponderance of the evidence or, in the alternative, conclusively established in contravention of the jury's answers. In considering a factual insufficiency or legal insufficiency point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

Bounds does not dispute that he parked his Suburban in such a manner that it faced the oncoming traffic with its lights on. Only the angle between the Suburban and the roadway are in dispute. Chilton, the accident reconstructionist, testified that the Suburban was parallel to the roadway. Lewis, the driver for Scurlock, testified that it appeared the Suburban was in his lane. Scurlock introduced photographs that recreated Lewis' perspective of the scene, which show that, because of the curve, an automobile parked on the westbound side would appear to be in Lewis' lane; thus corroborating Lewis' testimony. Lewis testified that he took evasive action by moving to the right shoulder, which Draper, the director of driver improvement, testified was the proper response for a truck driver on wet roads with an automobile in his lane. Lewis further testified that Bounds' headlights "blinded" him at one point, adding to the confusion of where the Bounds vehicle was located on the roadway.

There is sufficient evidence to support the jury's finding that only Bounds was negligent. There is sufficient evidence that Lewis acted as a person of ordinary prudence would have acted when confronted by an emergency arising suddenly and unexpectedly. *See, e.g., Del Bosque v. Heitmann Bering—Cortes Co.*, 474 S.W.2d 450, 453 (Tex.1971); *Yarborough v. Berner*, 467 S.W.2d 188, 191–93 (Tex.1971); *Goolsbee v. Texas & New Orleans Railroad Co.*, 150 Tex. 528, 243 S.W.2d 386, 388 (1951); *Illey v. Hatley*, 693 S.W.2d 506, 510

(Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Because of the disposition of the issues involving the parties' negligence, it is unnecessary for us to review the remaining special issues involving proximate cause and damages. Tex.R.App.P. 90. We overrule appellant's sixth and seventh points of error.

 Bounds, by his final point of error, complains that the trial court erred in refusing to submit his requested special issues which refer to the negligence, proximate cause, and percentage of fault of MoPac. Bounds' complaint, because he was the *plaintiff* below, is a novel contention.

The crux of Bounds' argument refers to the settlement provisions of Tex.Civ.Prac. & Rem.Code Ann. § 33.014 (1986), which allow for a credit (a percentage of the amount of the settlement) against the judgment. For example in *Rose v. Pfister*, 607 S.W.2d 587 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), Pfister sued Dr. Rose and a hospital, but Pfister and the hospital entered into a "Mary Carter" settlement for $75,000.00. The jury found damages of $91,900.00, but because of the credit offset, Pfister could only recover $16,900.00 against Dr. Rose.[1] Because of the "Mary Carter" settlement, Pfister had to repay the hospital $16,900.00, which meant that Pfister only recovered $75,000.00 and not the $91,900.00 the jury found as damages.

However, if the settling tortfeasor's percentage of negligence is submitted to the jury, then the credit offset of section 33.-014 is inapplicable and section 33.015 of the Civil Practice and Remedies Code governs the situation. And if, in the instant case, the jury found MoPac was not negligent, but Scurlock's negligence was one hundred percent, then Bounds would recover one hundred percent of his damages as found

by the jury, despite the "Mary Carter" settlement.[2]

 However, because the jury found Scurlock was not negligent, and we hold that finding to be supported by sufficient evidence, any error by the trial court in refusing to submit the issues is moot because Scurlock is not liable to Bounds for any damages. Therefore, the failure to submit the issues could not have caused the rendition of an improper judgment. Tex.R.App.P. 81(b)(1). Further, Bounds brought no cause of action against MoPac, and Scurlock and Lewis non-suited MoPac. Therefore, no party was entitled to submit MoPac's percentage of negligence because MoPac was not a party defendant. Tex. Civ.Prac. & Rem.Code Ann. § 33.015 (1986). We overrule appellant's eighth point of error.

The judgment of the trial court is affirmed.

---

1. *But cf. General Motors Corp. v. Grizzle*, 642 S.W.2d 837, 842 (Tex.App.—Waco 1982, writ dism'd) ("Mary Carter" amount unascertainable and not susceptible to a credit offset because of the one-satisfaction rule).

2. Assume Bounds and MoPac entered into a "Mary Carter" settlement for $250,000.00. If the jury found Bounds' damages to be $500,000.00, Bounds would receive $250,000.00 from MoPac and $500,000.00 from Scurlock, of which $250,-000.00 would be repaid to MoPac pursuant to the "Mary Carter" settlement. However, his total recovery would be one hundred percent of the damages as found by the jury, $500,000.00.