NO. 07-04-0541-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 15, 2005
_____

MARSHALL CROSS, DANNY JOHNSON and LISA JOHNSON,

Appellants

v.

ORIGEN FINANCIAL, LLC f/k/a DYNEX FINANCIAL, INC.,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 51,823-B; HON. JOHN B. BOARD, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Marshall Cross, Danny Johnson and Lisa Johnson appeal from a final summary judgment rendered in favor of Origen Financial, L.L.C. f/k/a Dynex Financial, Inc. (Origen). The latter sued to recover the price of a manufactured home it sold to Cross and in which the Johnsons lived. Through two issues, appellants contend that the trial court erred in granting Origen a summary judgment since 1) the parties settled their dispute and notice of that settlement was afforded the trial court before the summary judgment was executed

and 2) Cross and the tenants were excused from performing the contract and paying for the home since Origen itself breached the contract first.  We affirm the summary judgment.

*Issue One – Settlement*

The purported settlement to which Cross and the others alluded arose during mediation.  Furthermore, the mediator sent the trial court a letter informing it that the parties had reached an agreement.  Yet, the terms of the agreement were not memorialized in a writing signed by the litigants and filed as part of the record.  That had to occur before the agreement became enforceable.  TEX. R. CIV. P. 11 (stating that unless provided otherwise by the rules of civil procedure, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed as part of the record or unless it is made in open court and entered of record).  Being unenforceable due to the lack of compliance with Rule 11, the agreement, or notice of it, did not bar the trial court from proceeding with the suit.  Nor did it bar the court from addressing the motions for summary judgment still pending months after the litigants allegedly settled.[1]  Thus, we overrule the first issue.

*Issue Two – Defenses*

Next, Cross and the Johnsons assert that summary judgment was improper because Origen first breached the contract to pay for the manufactured home.  In other words, the breach by Origen relieved them from having to perform.  While a prior material breach of

---

[1]The authority relied upon by Cross and the Johnsons is inapposite.  For instance, *Rose v. Pfister*, 607 S.W.2d 587 (Tex. App.–Houston [1st Dist.] 1980, no writ) did not deal with the application of Rule 11. Nor did anyone there question whether claims had actually been settled.  And, while the court in *Burnaman v. Heaton*, 240 S.W.2d 288 (Tex. 1951) did mention Rule 11 in its opinion, the issue involved the trial court's authority to sign a consent judgment pursuant to an agreement complying with the rule when it had notice that a party withdrew its consent to settle before the judgment was executed.  None of those situations are involved here.

2

a contract by one who is a party to a contract may relieve the other party from performing, such an allegation is known as an excuse and constitutes an affirmative defense. *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 327-28 (Tex. App.–Houston [1st Dist.] 1997, pet. denied). Being an affirmative defense, it must be pled or tried by consent, otherwise it is waived. *Id.* Neither Cross nor the Johnsons alleged excuse in their live pleading; nor do they contend that the issue was summarily tried by consent. Consequently, this issue too is overruled.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice